ROACH *v.* THE WESTERN & ATLANTIC RAILROAD CO.

1. Declarations made twenty minutes after a collision between a locomotive and a buggy, by one who was in the buggy and who was injured by the collision, and who had been removed a considerable distance from the scene of the collision to a house in which he was being cared for, are not admissible as a part of the *res gestæ* of the collision, the declarations being in the nature of a narrative of what had occurred, including statements as to the cause of the collision, and not spontaneous exclamations made on the spot, or very near thereto, and not in point of time so immediately after the occurrence as to be properly regarded as a part of the occurrence itself.

2. Except as to the subject embraced in the foregoing note, there was no substantial error in admitting or rejecting evidence.

3. The rule of law which would exempt the company from liability had the company been wholly free from negligence which contributed to the injury, was not applicable to the facts of the case, and the charge of the court on that theory was hypothetical and therefore erroneous.

4. The negligence of the driver and owner of a private vehicle who, by such negligence, contributes to causing a collision with a loco-motive, is not imputable to another person riding by invitation in the vehicle, unless that person had some right, or was under some duty, to control or influence the driver's conduct. Such right might arise by reason of the two being engaged at the time in a joint enterprise for their common benefit; and if this were not so, the duty might arise from obvious or known incompetency of the driver, resulting from drunkenness or other cause.
July 16, 1894.

Action for damages.    Before Judge VAN EPPS.    City court of Atlanta.    January term, 1893.

SMITH & PENDLETON, for plaintiff.
PAYNE & TYE, for defendant.

LUMPKIN, Justice.

Roach, Lindsey and Saxon were riding in a buggy which belonged to Lindsey and which was being driven by Saxon.   While crossing the main track of the Western and Atlantic Railroad Company at a street crossing in Cartersville, the locomotive of a train ran into the buggy, killing Lindsey and injuring Roach and Saxon. Roach brought an action for damages, which resulted in a verdict for the defendant.   His motion for a new trial, which was overruled by the court, contains a large number of grounds, many of which are too trivial to require notice.   The controlling questions in the case are indicated by the head-notes.

1. It appears that after the collision Saxon was removed from the scene of the injury a distance varying, according to the evidence, from 150 to 200 yards, to the house of one Ann Strickland, in which he was being cared for.   The court admitted in evidence in favor of the defendant declarations made by Saxon some twenty minutes after the collision had occurred, to the effect that the parties in the buggy were all drunk and that liquor was the cause of all the trouble which had occurred.  These declarations were in the nature of a

narrative of what had occurred, and were not spontaneous exclamations made on the spot where the collision took place, or very near thereto. We are quite clear the court erred in admitting these declarations. They were not, in point either of time or distance, so closely connected with the occurrence to which they related as to be properly regarded as a part of the *res gestæ*. Enough time had elapsed, and the declarant had been removed a sufficient distance, to allow time for reflection and some degree of deliberation. In no fair sense could what he said in the house to persons who were inquiring about the collision and attending to his welfare, be treated as a part of the immediate facts of the catastrophe. Besides, Saxon was still in life at the time of the trial and a competent witness. If the defendant desired the benefit of what he knew about the transaction, it was a very easy matter to put him on the stand.

This court, in *Augusta Factory* v. *Barnes*, 72 *Ga*. 217, has gone quite as far, we presume, as it will ever go in sanctioning the admission, as a part of the *res gestæ*, of evidence of this character. We are not disposed to extend in the least degree the doctrine of that case, although it was cited approvingly in *Ferguson* v. *Columbus & Rome Railway*, 75 *Ga*. 640. In the latter case, the declarations admitted occurred only a few minutes after the injury occurred, and were made at the very place of the injury.

The declarations of Saxon being clearly inadmissible, we felt constrained to grant a new trial, because it is very probable, if not absolutely certain, that this evidence was highly injurious to the plaintiff's case.

2. Several grounds of the motion for a new trial relate to alleged errors in admitting and rejecting evidence. These grounds have already been referred to among those we have classed as trivial. After carefully examining and considering them all, we find in none of

them any substantial error, and we deem it unnecessary to state or comment upon them, as so doing would contribute nothing of any real value either to the discussion of this case or to the law generally.

3. Some of the charges of the court were made upon the theory that the company was wholly free from negligence contributing to the injury. Even if these charges were, in the abstract, correct propositions of law, they were improperly given in the present case, because the evidence shows beyond any controversy that the company was negligent in failing to observe the statutory requirement as to checking the speed of the train in approaching the public crossing; and there was also evidence from which the jury might have inferred that the signals required by law in such a case were not given. Hence, a charge based upon the hypothesis of complete diligence on the company's part may have misled the jury.

4. The evidence does not leave it perfectly clear whether Roach was riding in the buggy merely as a guest of the two other persons, or whether or not he and they were, at the time, engaged in a joint enterprise and were using the buggy for their common benefit in carrying the same into effect. There is also, under the evidence, some room for question as to whether or not Roach, under the existing circumstances, was under any duty to control or influence the conduct of the driver. The doctrine of imputable negligence was discussed to some extent in *E. T. V. & G. Ry. Co.* v. *Markens*, 88 *Ga.* 60; and recently, in *A. & C. Air-Line Ry. Co.* v. *Gravitt*, decided February 26th, 1894, 93 *Ga.* 369, the subject was given a very thorough consideration, and many authorities were cited. It is unnecessary to now go over the ground then covered. Applying the law, as we understand it, to the present case, our conclusion is, that if Roach was riding by invitation in the buggy

with the other two men, their negligence is not imputable to him unless, by reason of his relations to them or the business in hand, he either had a right or was under a duty to take the necessary steps to prevent negligence on their part and to look after his own safety. This right would arise if under the circumstances he was entitled, along with the others, to the use of the buggy and the control of its movements; and the duty of self-preservation, the omission to guard which would amount to negligence on his part, would arise if, from drunkenness or other cause, the driver was obviously incompetent to exercise the proper care, and Roach failed to interpose or else leave the vehicle in time to escape the collision.          *Judgment reversed.*