## SOUTHERN RAILWAY COMPANY *v.* KING.

1. The doctrine that the negligence of the driver of a vehicle, who by such negligence contributes to cause a collision with a locomotive, is not imputable to another person riding by invitation in the vehicle, unless that person had some right or was under some duty to influence the driver's conduct, is applicable in the case where a wife is accompanying her husband in a buggy driven by him, and a collision occurs between the buggy and a locomotive, whereby she sustains injuries.
2. The negligence of the husband, if he was negligent, under the facts in this case, not being imputable to the wife, the evidence was sufficient to sustain the finding in her favor.

Submitted April 18,—Decided May 17, 1907.

Action for damages. Before Judge Kimsey. Habersham superior court. June 13, 1906.

Cited by counsel: *Ga. R.* 93/386; 88/60; 124/1004; 4 A. & E. Enc. L. 83; 1 Thomp. Neg. §504; 116 U. S. 366; 57 Am. R. 488.

*John J. Strickland* and *Erwin & McMillan,* for plaintiff in error.
*Reuben R. Arnold* and *Howard Thompson,* contra.

BECK, J.   The plaintiff, while riding in a buggy with her husband, who was driving, was injured by a collision with a locomotive drawing a passenger-train on the defendant's road, at a public crossing.   There was evidence showing that the defendant's employees had neglected to observe the blow-post law, and that the train passed over the crossing at a high and negligent rate of speed. There was some evidence tending to show that a traveler along the public highway, on account of obstructions along and near the track of the railway, could not see an approaching train until at or very near the railroad track.   But it is not necessary to set out this evidence, or to argue the question as to whether or not, under the evidence, the husband was guilty of such negligence in driving upon the track as would preclude a recovery for injuries resulting to him from the collision.   The collision was fatal to him, but this suit was not instituted to recover damages for the homicide of the husband, but was brought to recover damages for injuries which the plaintiff received as a result of the collision, which she alleges was a result of the negligence of the defendant and its employees, and in no way the result of any negligence on her part.   According to the testimony of the plaintiff herself, the husband was the driver of the vehicle in which she was riding at the time she received the injuries, and she was in the buggy as his companion, but exercising no control whatever over him.   She thus states the situation in her own words: "When the buggy was struck by the train, my husband was in charge of the buggy and driving.   I had nothing to do with it.   I was not driving the buggy, had nothing to do with driving the buggy.   I did not tell him how to drive it or where to drive it, or where to stop, had nothing to do with it.   I was just going with him to church, and coming back with him from church.   He was in charge of the mule and buggy."

Under this evidence the question as to whether or not, if the husband was guilty of negligence in driving upon the railroad track, that negligence was imputable to her, necessarily arose.   Upon the question of imputable negligence the court charged the jury as follows: "I charge you that if Mrs. King [the plaintiff] was in control of that vehicle in driving it, and having driven it across the railroad, I charge you that if then Mr. King, her husband, was

guilty of negligence, whatever negligence he was guilty of would be imputable to her; she would be charged with it. But if he was in control of the private conveyance and driving it and controlling it and she was going along with him as his companion, then I charge you that she would not be chargeable with his negligence." The exception to the charge is that "the doctrine as applied is not applicable to husband and wife." In the case of *Roach* v. *W. & A. R. Co.*, 93 *Ga.* 785, it was held that where one was riding by invitation in a buggy with another, the negligence of the latter was not imputable to him, unless he "had some right, or was under some duty, to control or influence the driver's conduct." See also Civil Code, § 2902. In the case of *Metropolitan St. R. Co.* v. *Powell*, 89 *Ga.* 602, it was held, that "If the plaintiff herself was free from negligence and her injury was due to the concurrent negligence of the railroad company and the person with whom she was riding in a wagon, he not being her servant and it not appearing that she was the owner of the horse or wagon or that she had any agency or concern in procuring or in driving the same, and nothing appearing which tends to show that she was aware of any incompetency in the driver, the company is liable to her for all the damages consequent upon the injury, and can take no credit as to any part thereof on account of the contributory negligence of the driver of the wagon." And this doctrine is so well recognized that citation of cases supporting it is unnecessary. Its applicability to a case in which the husband was the driver of the vehicle and the wife was his companion at the time she received the injuries, which were due to the concurrent negligence of the husband and the railroad company, seems to be denied by the exception to the charge complained of; but the contention is met by an almost unbroken array of authorities to the contrary. It was said by the Supreme Court of Indiana, "'Where one accepts the invitation of another to ride in his carriage, thereby becoming in effect his comparatively passive guest, without any authority to direct or control the conduct or movements of the driver, or without reason to suspect his prudence or competency to drive in a careful or skilful manner, there is no reason why the want of care of the latter should be imputed to the former, so as to deprive him of the right to compensation from one whose neglect of duty has resulted in his injury.' We can see no good reason why the foregoing statement does not apply to a wife riding with her husband, with as much reason

as to a stranger riding with him." Louisville etc. Railroad Co. v. Creek, 14 L. R. A. 733. See also annotations to this case in footnotes. In the case of Platz v. City of Cohoes, 24 Hun, 101, the Supreme Court of New York says, "The court charged the jury that the plaintiff was not responsible for carelessness on the part of her husband in driving, unless she did some act encouraging the carelessness; and declined to charge the contrary proposition. In these rulings we are of the opinion that the learned judge was right. They are sustained by abundant authority, conceding that the plaintiff was to be deemed a mere passenger." In his Commentaries on the Law of Negligence, Judge Thompson states the true doctrine to be: "Although there are a few holdings to the contrary, mostly in jurisdictions where the doctrine of imputed negligence is recognized, yet there is no ground, in reason or justice, growing out of the marital relation, for making a different rule from the one just discussed, for the case where a wife has committed her safety to her husband,—as where she is riding in a vehicle and he is driving,—than in any other case; and the weight of authority is that, in such a case, the negligence of the husband is not imputed to the wife."

No other rulings or portions of the charge were excepted to in any grounds of the motion now insisted upon, it being admitted that the questions raised by the other exceptions to the charge were disposed of adversely to the plaintiff in error by the decision in the case of *Combs* v. *Southern Ry. Co.,* 124 *Ga.* 1004. The negligence of the husband, if he was negligent, under the facts in this case, not being imputable to the wife, the evidence was sufficient to sustain the finding in her favor, and the judgment of the court below refusing a new trial is      *Affirmed. All the Justices concur.*