23364. McCord v. Benford.

Stephens, J. 1. Where a person, who is in an automobile which is being operated by another, takes the steering wheel and undertakes to steer the automobile, and while so doing fails to look ahead and observe the course of the automobile, but gives his attention to what the operator is doing, and where the automobile, while thus being steered, collides with a telegraph pole, and, as a result of the collision, a person on the back seat is thrown forward and sustains a fracture of the collar bone and the shoulder blade and other injuries, from the effects of which she is confined in a hospital for several months, the inference is authorized that the person in taking the steering wheel and steering the automobile, under the circumstances, was guilty of gross negligence. *Rosenhoff* v. *Schaul*, 42 *Ga. App.* 776 (157 S. E. 215); *Pitcher* v. *Curtis*, 43 *Ga. App.* 622 (159 S. E. 783); *Petway* v. *McLeod*, 47 *Ga. App.* 647 (171 S. E. 225). In *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256), and decisions of other jurisdictions cited, where it was held not to be negligence as the basis for a recovery when the operator of an automobile turned his head or looked away, the operator did so as a result of some sudden impulse or emergency. These cases are distinguishable. See *Craig* v. *McAtee*, 160 Wash. 337 (295 Pac. 146); *Silver* v. *Silver*, 108

Conn. 371 (143 Atl. 240); Rindge *v.* Holbrook, 111 Conn. 72 (149 Atl. 231).

2. By reason of the relationship of husband and wife, the negligence of a husband in the operation of an automobile in which the wife is traveling is not imputed to the wife. *Southern Railway Co.* v. *King,* 128 *Ga.* 383 (57 S. E. 687, 11 L. R. A. (N. S.) 829, 119 Am. St. R. 390); *Holloway* v. *Mayor &c. of Milledgeville,* 35 *Ga. App.* 87 (3) (132 S. E. 106); *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807). The conduct of the wife in giving to the husband, while he is operating the automobile, a piece of paper for the purpose of being used by him in checking the speedometer readings, and which she knows will be so used by him, where he takes the paper from her and holds it while he reads the speedometer and continues to urge the automobile forward by feeding it gasoline and without looking where it is going, is in no wise a participation by the wife in the conduct of the husband in the operation of the automobile under the circumstances indicated. Any negligence of the husband in the operation of the automobile is not the negligence of the wife. In a suit by the wife against a person other than the husband, to recover for personal injuries alleged to have been received by the wife while riding in an automobile as the guest of the defendant who was the owner of the automobile, alleged as resulting from the negligence of the defendant in taking the steering wheel while the husband was operating the automobile, and while looking at the husband and without looking ahead or observing his course, steering the automobile into a telegraph pole and wrecking it to the plaintiff's damage, where there was no evidence to connect the plaintiff with the negligent operation of the automobile other than her conduct in giving the paper to the operator of the automobile as indicated, the evidence is insufficient to authorize a finding that the wife, by her conduct participated in the negligent operation of the automobile by her husband, and that his negligence in this respect was imputed to her. A charge that, notwithstanding the negligence of the husband in operating the automobile may have jointly concurred with the negligence of the defendant in proximately causing the plaintiff's injuries, she could recover of the defendant if otherwise entitled to recover, is not subject to the objection that the court instructed the jury that the plaintiff could recover, notwithstanding her negligence, through that of the husband which is imputed to her, proximately contributed to her injury.

3. While it is the duty of a person when riding as a guest of another in an automobile to exercise ordinary care for his own safety whenever he observes a danger to himself arising from the conduct of the operator of the automobile, no duty as a matter of law devolves, in all instances, upon the guest where he observes that the operator of the automobile is operating it in a negligent manner, to object to the manner in which it is being operated. A refusal to give the jury a charge which placed this duty on the plaintiff as a matter of law was not error.

4. Where the defendant set up in his plea that the negligence of the plaintiff's husband, and not that of the defendant, in increasing the speed of the automobile and operating it "from twenty miles an hour to a speed sufficient to damage the automobile," in the manner elsewhere in-

dicated, and did not plead that the husband was guilty of negligence per se in operating the automobile in violation of the regulations as to speed as provided by law in the motor-vehicle act of 1927 which provides that no automobile shall be operated on any street or highway in excess of 40 miles an hour, nor at "a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and the common use of street or highway, or, so as to endanger life, limb or property in any respect whatsoever," it was not error, without a special request therefor, for the court to fail to give in charge to the jury these provisions of the act of 1927.

5. A charge that where a guest in an automobile is injured as a result of its negligent operation by the owner, the guest can not recover unless the owner, in the operation of the automobile, is guilty of gross negligence, is not susceptible to the construction that where the guest is injured by the negligence of the owner, who is not the operator, in taking the steering wheel from the operator and steering the automobile without observing the course of the automobile, the guest may recover of the defendant for the damage thus sustained although the injuries may not have been caused by the gross negligence of the defendant.

6. In a suit by the guest against the owner to recover damages alleged to have been caused by the negligence of the defendant in steering the automobile after taking the steering wheel from the person operating the automobile, a charge such as is referred to in the paragraph next above, had reference to the defendant as the operator of the automobile, by taking the steering wheel from the person who was operating the automobile and in steering it under the conditions indicated, and must have been so understood by the jury.

7. Where the defendant alleged in his plea that the sole proximate cause of the plaintiff's injuries was the negligence of the husband, who was operating the automobile, in taking his hands off the steering wheel and in keeping his foot upon the accelerator and in failing to keep his foot on the brake, and thereby negligently and carelessly increasing the speed of the automobile sufficiently to cause the damage complained of, and the court charged the jury that if the sole and only proximately producing cause of the plaintiff's injuries was the negligence of the husband as alleged, there could be no recovery, even though the defendant may have been negligent also, and where the court elsewhere gave in charge to the jury the definition of ordinary care, it was not error, prejudicial to the defendant, for the court to fail to instruct the jury that the plaintiff's husband was under a duty to exercise only ordinary care to avoid injury to the plaintiff or to fail to give any definition of what would constitute ordinary care on the part of the husband. The court nowhere in the charge instructed the jury that it would be necessary for the husband to be grossly negligent before his negligence could be the legal cause of the plaintiff's injuries. If the defendant desired any specific instructions as to the duty resting upon the husband to avoid injury to the plaintiff, a special request therefor should have been made.

8. The court nowhere erred in the definition given of negligence, and fairly to the defendant submitted all the issues made by the pleadings and the evidence; and the charge can not be fairly construed as containing any

expressions of an opinion upon the facts, and there was no error in failing to charge as requested or as excepted to.

9. In view of the severity of the plaintiff's injuries, as shown by the evidence, which includes a broken collar bone and shouder blade, a partial paralysis of the arm from injury to the nerves, a failure of one of the broken bones to unite, permanency of the injuries, pain and suffering to the plaintiff, it can not be said as a matter of law that the verdict in the sum of $12,791 was excessive, or that the size of the verdict indicated prejudice and bias against the defendant in the minds of the jury.

10. The evidence authorized the finding that the plaintiff was injured as a result of the gross negligence of the defendant, and no error appears.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., concurs specially.*

DECIDED FEBRUARY 21, 1934.

*Bryan, Middlebrooks & Carter, Will Gunn,* for plaintiff in error. *Colquitt, Parker, Troutman & Arkwright,* contra.