## 47638. HANLEY v. FORD MOTOR COMPANY et al.

Stolz, Judge. Mrs. Rozell Hanley sued Donny Pritchett and Ford Motor Company for the wrongful death of her 17-year-old son, Ronny Hanley, who was a guest passenger in a 1970 Ford "Boss" Mustang automobile owned by the defendant Pritchett and allegedly negligently designed and constructed by defendant Ford. After a six-day trial, the jury returned a verdict for both defendants. Plaintiff appeals enumerating as error three portions of the trial judge's charge to the jury. *Held:*

1. The first charge complained of is as follows: "I charge you this principle with reference to the plaintiff's deceased son, Ronny Hanley. If you find from the evidence there was something present at the time and place of the event under investigation, which would have caused an ordinarily prudent person to reasonably apprehend the probability of danger, then it was the duty of plaintiff's son to take such steps as an ordinarily prudent person would have taken to ascertain whether such danger existed as well as to avoid the consequences of the same after its existence is ascertained. It's the duty of all persons to use due care for their own safety and to use their natural senses to discover obvious or known dangers. If plaintiff's son, by the exercise of ordinary care, could

have avoided the consequences to himself, then plaintiff could not recover in this case of either defendant."

(a) The evidence regarding defendant Pritchett's driving at the time of the accident, was highly conflicting. Defendant Pritchett testified that he was traveling between 40 and 60 mph (on cross examination) and only about 45 mph (on direct examination) just before the accident when he saw fire up in front of the windshield coming up from under the hood; that he lost control of the car, which then left the road, overturned, and subsequently caught fire. Pritchett's date, who was occupying the right front seat of the car, testified substantially as did Pritchett. She did not know the speed of the car definitely, but stated that she did not remember anything wrong with its operation and that Pritchett was driving properly. As opposed to this, the physical evidence showed that the automobile made 144 feet of skid marks on the road and traveled 198 feet off the road into a field before turning over and coming to rest. In the process of so doing, the automobile tore down 5 fence posts and 54 feet of wire fencing. Based on these facts, the investigating officer, a member of the Georgia State Patrol, and two experts estimated the speed of the car to have been in excess of 70 mph. Obviously, if the direct testimony was correct, the plaintiff's son was under no duty to warn. If the opinion evidence is correct, it becomes incumbent upon the defendants to show that the driver's negligent conduct had existed for a sufficient length of time for the plaintiff's son to have notice thereof before any duty would devolve upon him to warn the driver, urge him to slow down, or take affirmative action. The record is absolutely silent as to any improper or negligent driving by defendant Pritchett prior to the instant immediately preceding the accident. The uncontroverted evidence shows that the plaintiff's son and another young man were in the back seat and that

they were talking to Pritchett's date immediately prior to the accident. There is nothing in the record that suggests that Pritchett was driving improperly as early as 30 seconds prior to losing control of the car (for whatever reason) or that the plaintiff's son had any notice or opportunity to become aware of such conduct so as to be able to caution Pritchett about his driving. In *Bellamy v. Georgia Power Co.,* 67 Ga. App. 569, 570 (21 SE2d 294), where exception was taken to a charge very similar to the one complained of herein, this court said, "There was no evidence that the plaintiff was negligent in not warning her husband not to attempt to pass the street car. There was no evidence that she was aware of what he was about to do, assuming that he did attempt to pass the street car, or *that she became aware of the danger in time to warn him.* A conclusion that she was negligent in such respect can not be drawn from the mere fact of the collision." (Emphasis supplied.) See also *Wade v. Drinkard,* 76 Ga. App. 159, 166 (45 SE2d 231). "'No duty devolves upon the guest passenger who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid being injured.' [Cit.] A guest passenger is not bound to exercise the same degree of care and diligence as a driver of an automobile in which the guest is riding. [Cit.] In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn his host driver of a hazard, it appears from the facts and circumstances *that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to himself or to warn the host driver of the hazard.* [Cits.]" (Emphasis supplied.) *Browning v. Kahle,* 106 Ga. App. 353, 355 (126 SE2d 892). In addition, the burden of showing that the plaintiff passenger has failed to exercise ordinary

care for his own safety is on the defendant. *Browning v. Kahle,* supra, p. 357, and cit.

(b)   The quoted excerpt from the charge was further erroneous in that it instructed the jury that the plaintiff could not recover "in this case of either defendant." As was stated by former Chief Judge Felton in *Baynes v. McElrath,* 106 Ga. App. 805, 806 (128 SE2d 348), a case and charge most similar to the case sub judice, "The charge was erroneous also because it gave the impression that if, by the exercise of ordinary care, the plaintiff could have avoided the negligence of either one of the defendants, then he would not be entitled to recover at all in the case. This is not a correct statement of law because, certainly, if he could have avoided the negligence of one defendant by the use of ordinary care and not that of the other defendant, he would still be entitled to recover from that defendant whose negligence he could not have avoided by the use of ordinary care."

2. The second portion of the charge enumerated as error is as follows: "Plaintiff's deceased son, Ronny Hanley, was a guest riding in the Pritchett car on the date and time in question, but there is a duty of a guest passenger to exercise ordinary care to avoid the negligence of anyone — strike that — there is a duty of a guest passenger to exercise ordinary care to avoid the negligence, if any, of the driver host or automobile manufacturer, if any, when such negligence becomes known to him." For the reasons set forth in Division 1 (a) of this opinion, the charge was erroneous.

3. The third portion of the charge enumerated as error is as follows: "I charge you this principle of law, ladies and gentlemen, that where the continuous possession and control of an automobile or other physical personal property, the subject matter of the actions in question, remains in one of the parties to the action, that party has the burden of explaining any change or alteration

in that automobile or other physical property from the time of the collision to the present time."

No harmful error is shown by this charge. It clearly applies to the condition of the automobile in question from the time of the collision to the time of the trial.

For the reasons set forth in Divisions 1 (a and b) and 2 hereinabove, the trial judge erred in denying the plaintiff's motion for new trial.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*

ARGUED NOVEMBER 6, 1972 — DECIDED JANUARY 30, 1973 — REHEARING DENIED FEBRUARY 28, 1973 —

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Davis & Davidson, Jack S. Davidson, James L. Brooks,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, E. Freeman Leverett,* for appellees.