29367. WILLIAMS et al. v. GEORGIA POWER
COMPANY et al.

UNDERCOFLER, Presiding Justice.

The children of Fannie Laura Williams filed suit against the Georgia Power Company and Hancock County to recover for the death of their mother. The evidence shows that on the afternoon of August 24, 1971, Mrs. Elizabeth Hightower borrowed her brother's automobile for the purpose of driving herself and her mother, Mrs. Fannie Williams, from Coopers in Baldwin County to St. Luke's church in Hancock County. They left the church in Hancock County alone about 9:30 p. m. but were never seen alive again. The women were reported missing to the police. On August 27, 1971, the body of Mrs. Hightower was found floating in Lake Sinclair about 20 to 25 feet from the shore. The next morning the automobile was found in the lake about 20 or 25 yards out in the lake directly in front of the paved road known as Cosby's Landing. The body of Mrs. Williams was found in the automobile. The road which entered the lake had been unpaved prior to the building of the lake by the Georgia Power Company in 1952. The road to the lake was closed in 1951. The county obtained an easement from the Georgia Power Company giving it a road easement to the lake. This road easement was the same as the previous unpaved road which had been used by the county. The power company granted an easement to the county over this road. The county paved the road to the lake and it was used for launching boats.

After hearing evidence the jury returned a verdict for the defendants. The plaintiffs appeal. *Held:*

1. Code § 23-1502 provides: "A county is not liable to suit for any cause of action unless made so by statute." Hancock County contends that this law relieves it from all liability in this case.

(a) The appellants contend that Code § 23-1502 is unconstitutional because it conflicts with the due process clause of the Georgia Constitution (Code Ann. § 2-103) in that the right of the appellants to recover against the county is a property right and Code § 23-1502 deprives them of this right without due process of law; and that Code § 23-1502 deprives them of this property right in violation of the due process and equal protection clause of the U. S. Constitution (Code § 1-815).

For the reasons given in *Crowder v. Dept. of State Parks,* 228 Ga. 436 (3) (185 SE2d 908), Code § 23-1502 does not violate any of the enumerated provisions of the State or Federal Constitutions. *Maddox v. Coogler,* 224 Ga. 806 (165 SE2d 158); *Sheley v. Bd. of Ed. for City of Savannah &c.,* 233 Ga. 487.

(b) The appellants contend that Code § 23-1502 does not apply here because Code Ann. § 95-1710 provides: "The State Highway Department shall defend all suits and be responsible for all damages awarded in any court of this State against any county under existing laws, whenever the cause of action originates on highways . . ." (As amended, Ga. L. 1957, pp. 592, 594). The appellants contend that this Code section amounts to a waiver by the General Assembly of the county's immunity from liability. We do not agree. This Code section specifically limits the responsibility to those damages awarded against any county "under existing laws" and is not a waiver of the county's immunity from liability.

(c) The appellants also contend that Code § 23-1502 does not apply in this case because Code Ann. § 95-1001 provides that ". . . in every case the county shall be primarily liable for all injuries caused by reason of any defective bridges." Ga. L. 1953, p. 120.

There is no merit in this contention. This section makes the county liable for defective bridges and does not apply to a situation where no bridge exists.

(d) The appellants also contend that the trial court erred in giving the requested charges which limited the county's liability to that arising under the county's indemnity agreement with the Georgia Power Company.

There is no merit in this contention.

Since Code § 23-1502 states that a county is not liable

to suit for any cause of action unless made so by statute, the court correctly charged the jury that the only liability of the county was under its indemnity contract with the power company. *Hancock County v. Williams,* 230 Ga. 723 (198 SE2d 659).

"[W]hile under the constitution, a county is held liable for taking or damaging private property for public use . . . and under statutes it is made liable to suits for torts on account of personal injuries caused by defects in bridges over its public highways . . . there is no constitutional or statutory provision which can be taken to render a county liable for a tort on account of personal injuries arising from a defect in a highway constructed or repaired by the county . . ." *Purser v. Dodge County,* 188 Ga. 250, 252 (3 SE2d 574). It follows that the trial court did not err in refusing to give in charge to the jury requests numbered 3 and 4 of the appellants.

The appellants argue, however, that the county is liable in this case for the maintenance of a nuisance and relies on the cases of *Nalley v. Carroll County,* 135 Ga. 835 (70 SE 788); *DeKalb County v. McFarland,* 223 Ga. 196 (154 SE2d 203) and *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141). There is no merit in this contention. The *Nalley* and *McFarland* cases involved nuisances which amounted to takings of property by the counties without paying the owners compensation. The *Phillips* case involved a municipality and not a county.

2. The appellants contend that the trial court erred in giving the following requested charge: "In law, in cases such as this, ladies and gentlemen, the word, accident, means that the occurrence is caused without the negligence of either the plaintiffs or defendants. If you conclude from all of the evidence presented to you, that the incident involved in this case whereby the plaintiffs' mother was killed was the result of an accident, that is, resulted without the negligence of either the plaintiffs or defendants, then no one would be accountable. . . When I said either the plaintiffs or the defendants, I mean the driver of the vehicle in which the deceased was riding, or the defendants, then no one would be accountable, and your verdict should be in favor of the defendants."

There is no merit in this contention. The charge was adjusted to the evidence and is a correct charge. *Hilton & Dodge Lumber Co. v. Ingram,* 119 Ga. 652 (11) (46 SE 895, 100 ASR 204); *Alabama Great Southern R. Co. v. Brown,* 138 Ga. 328, 332 (75 SE 330).

3. The appellants contend that the court erred in charging the jury with respect to the speed law of Georgia.

From the skid marks which were on the road the investigating officer testified that if the skid marks were made by the vehicle in which the plaintiffs' mother was riding, the vehicle was traveling at a speed from 30 to 45 miles per hour.

The evidence was sufficient to show that the lake involved was visible and should have been seen by the headlights of the vehicle a quarter of a mile away. The trial court charged the jury that, "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

The trial court also correctly charged the speed law of Georgia in effect at the time of the occurrence.

There is no merit in this contention.

4. Appellants complain that the trial court improperly charged the jury that the negligence of the driver of the automobile could be imputed to the guest passenger. It is an established principle of law that the imputation of such negligence is impermissible in the absence of evidence showing a joint enterprise. *Roach v. Western & A. R. Co.,* 93 Ga. 785 (4) (21 SE 67); *Southern R. Co. v. King,* 128 Ga. 383 (1) (57 SE 687); *Stroud v. Willingham,* 126 Ga. App. 156 (190 SE2d 143); *Holland v. Boyett,* 212 Ga. 458 (1) (93 SE2d 662).

Under the evidence in this case, certain of the court's charges were inapplicable. However, a careful reading of the appellants' requests for charge which were given, appellants' objections to the charge, the recharge of the trial court, and considering the charge as a whole, the errors complained of in this regard are without merit or were invited by the appellants. *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726). Accordingly, we decline to reverse the

jury's verdict and the judgment of the court on this basis.

5. We have carefully reviewed the other errors enumerated by the appellants to the trial court's charge and find them to be without merit.

*Judgment affirmed. All the Justices concur. Jordan, J., disqualified.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 28, 1975.

*Dickens & Hall, G. L. Dickens, Jr.,* for appellants.
*Jones, Cork, Miller & Benton, Wallace Miller, Jr., J. Jerome Strickland, Thomas M. Jackson, J. Franklin Hitchcock, Lewis, Rozier & Hitchcock,* for appellees.