## 51532. STEEDLEY et al. v. SNOWDEN.

QUILLIAN, Judge.

This case involves 3 separate complaints for damages arising out of an automobile collision. The three plaintiffs, guest passengers in a vehicle driven by the husband of one of the plaintiffs, received injuries when they were allegedly forced off the road by defendant's vehicle. The trial resulted in verdicts for the defendant. From the resulting judgments entered thereon appeal was taken. *Held:*

1. The first two enumerations of error are as follows: (1) The trial court erred in instructing the jury to the effect that under the evidence in the case, a question of fact existed as to whether or not the appellant passengers were guilty of contributory negligence. (2) The trial court erred in instructing the jury upon the principle of law of comparative negligence. In both instances it is contended that such charges are inapplicable and erroneous with regard to the plaintiffs who were guest passengers.

The first instruction complained of reads as follows: "I charge you that while the negligence of the host is not imputable to the guest, the guest cannot close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and the guest in an automobile cannot at all times treat himself as dead freight, but when negligence on the part of the driver arises must act as an ordinarily prudent person would act under the same or similar circumstances."

The second instruction states: "Under the Code, if the injury was primarily due to the negligence of the defendant, the right of the plaintiffs is not defeated, even though but for the concurring negligence of the plaintiffs the injury might not have resulted, but the plaintiffs' recovery should be diminished in proportion to the degree in which their negligence contributed to the injuries. For the apportionment of damages according to the relative fault of the parties there seems to be no standard more definite than the enlightened opinion of the jury."

In determining the issues we consider the following principles of law. "The negligence of the driver and owner of a private vehicle who, by such negligence, contributes to causing a collision with a locomotive, is not imputable to another person riding by invitation in the vehicle, unless that person had some right, or was under some duty, to control or influence the driver's conduct. Such right might arise by reason of the two being engaged at the time in a joint enterprise for their common benefit; and if this were not so, the duty might arise from obvious or known incompetency of the driver, resulting from drunkenness or other cause." *Roach v. Western & A. R. Co.,* 93 Ga. 785 (4) (21 SE 67). Accord, *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159, 164 (91 SE2d 135); *Beadles v. Bowen,* 106 Ga. App. 34, 38 (4) (126 SE2d 254); *Dowling v. Camden County,* 113 Ga. App. 34 (2) (146 SE2d 925); *Williams v. Ga. Power Co.,* 233 Ga. 517, 520 (212 SE2d 348). See *Stroud v. Willingham,* 126 Ga. App. 156, 160 (190 SE2d 143).

" 'A joint enterprise by two persons riding in an automobile along a public highway, the engagement in which will impute the neglience in operating the automobile of one of the persons, who is the driver, to the other person, must be a joint enterprise in controlling, directing, and governing the operation and running of the automobile, and not merely a joint interest in the objects and purposes of the trip.' " *Hare v. Southern R. Co.,* 61 Ga. App. 159, 160 (6 SE2d 65). Even though one of the plaintiffs was the driver's wife the principle holds true that the driver's negligence is not imputable. See *Holloway v. Mayor &c. of Milledgeville,* 35 Ga. App. 87 (3) (132 SE 106), which held: "While husbands are in fact

frequently amenable to the commands of their wives, the law does not place the husband in such a subservient situation. While the husband, when operating an automobile in which the wife is riding but which does not belong to her, may follow the wife's suggestions and obey her commands as to the course to be pursued along the highway, such does not, as a matter of law, constitute the husband the agent of the wife, or establish such a relationship between them as to impute to the wife the negligence of the husband in operating the automobile." Accord, *Fuller v. Mills,* 36 Ga. App. 357 (136 SE 807); *McCord v. Benford,* 48 Ga. App. 738 (2) (173 SE 208); *Southern R. Co. v. King,* 128 Ga. 383 (1) (57 SE 687).

" 'No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid being injured.' . . In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn his host driver of a hazard, it appears from the facts and circumstances that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to himself or to warn the host driver of the hazard." *Browning v. Kahle,* 106 Ga. App. 353, 355 (126 SE2d 892). Accord, *Hanley v. Ford Motor Co.,* 128 Ga. App. 307, 309 (196 SE2d 451).

The evidence shows that the driver of the vehicle which crashed was proceeding at a speed below the then 60 mph limit. When the vehicle attempted to pass a truck driven by the defendant, either the vehicle lost control and ran off the road and crashed (according to defendant's testimony) or the defendant's truck swerved into the passing lane causing the automobile to lose control (plaintiff's version). No contact was made between the two vehicles. Contrary to defendant's contentions, there was no evidence that the driver was acting in any reckless manner or that he was a known incompetent. The first instant that any of the passengers had knowledge of any danger was when the plaintiff, Mrs. Steedley, the driver's wife, warned him to be careful when he began to pass. There is no showing of sufficient time or opportunity for

the plaintiffs to have taken any action to have prevented the wreck.

The instant case contains no facts on which the negligence of the driver could be imputed to the plaintiffs and furthermore there is no evidence that they were in any way negligent in their own right.

The first instruction recites a well known principle of law. *Freeman v. Martin,* 116 Ga. App. 237, 242 (156 SE2d 511). While not adjusted to the evidence we do not find that it alone would be cause for reversal. Nevertheless, the second instruction was totally inapplicable since there were no facts from which the jury could predicate a finding reducing the plaintiff's recovery because of negligence by the plaintiffs. The rule cited by defendant that error in a charge concerning damages is harmless where the jury finds for the defendant would not here control. For this instruction could have led the jury into determining that the fault of the plaintiffs and defendant was equiponderant, resulting in a finding for the defendant.

Hence, the charges complained of were error. *Fuller v. Mills,* 36 Ga. App. 357, supra; *Dowling v. Camden County,* 113 Ga. App. 34, supra; *Hanley v. Ford Motor Co.,* 128 Ga. App. 307, supra.

2. The fact that the jury was instructed to return separate verdicts for each of the plaintiffs would not be harmful since each of the verdicts was for the defendant, thus perfectly consistent and not inconsistent.

3. The remaining enumeration of error complaining of the failure to charge, without request, Code Ann. § 68-1640 (Ga. L. 1953, Nov. Sess. pp. 556, 584; 1967, pp. 542, 543) (effective in this case but now repealed Ga. L. 1974, pp. 633, 691) is not likely to recur on the retrial of this case.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

Argued January 15, 1976 — Decided March 1, 1976 — Rehearing denied March 18, 1976 —

*Reinhardt, Whitley & Sims, Glenn Whitley, Joe*

*Gray,* for appellants.
*W. Ward Newton,* for appellee.