## 57133. KING v. PARSON et al.

BIRDSONG, Judge.

The appellant, Charles King, plaintiff below, brought suit against the appellees, claiming damages for pain and suffering arising out of an automobile accident. It was stipulated that King was covered by "no fault" insurance. In his petition, King sought to recover a sum of $50,000 for "pain and suffering." The trial court limited the evidence adduced by King to evidence showing or contributing to pain and suffering. When King attempted to introduce evidence of lost wages and expenses incident to the accident, the trial court precluded the admission of the evidence except as it might incidentally reflect upon pain and suffering.

The facts show that King was a passenger in a vehicle driven by his daughter. The other vehicle was owned by the appellee Parson and driven by Miller. The King vehicle was proceeding southerly and approaching a bus being driven in a northerly direction. The bus was moving slowly, apparently awaiting the King vehicle to pass in order that the bus could make a left turn across the highway. Ms. Miller was driving in a northerly direction behind the bus and turned left across the highway in front of the King vehicle. The testimony indicates that neither King nor his daughter saw the Parson vehicle until Ms. Miller had commenced her turn.

Appellant King received a jury verdict for $1,000 which was made the judgment of the court. King brings this appeal; he enumerates as error the denial of a motion for new trial on the basis of newly discovered evidence; the charge of the court on comparative negligence insofar as it placed a duty on King who was a passenger only; and, the limitation by the trial court of King's attempt to show loss of wages and similar expenses. *Held:*

1. The enumeration that the trial court erred in denying the motion for new trial based on newly discovered evidence is without merit. The transcript clearly shows that King was aware of the "newly discovered" evidence during the trial but did not seek a delay to perfect his knowledge. Under such circumstances, King did not exercise appropriate

diligence. The trial court did not err in denying the motion for new trial on this ground. *Adams v. Worley,* 87 Ga. App. 892, 899 (75 SE2d 682).

2. We also find no merit in the contention that the trial court erroneously curtailed King in the presentation of evidence pertaining to lost wages. The trial court allowed evidence insofar as it related to "pain and suffering" and limited evidence where it was offered to show a specific economic loss. In view of the stipulation that King was covered by "no fault" and that he was seeking only pain and suffering damages, the trial court did not err in his ruling limiting the evidence offered by King. See *Walls v. Parker,* 146 Ga. App. 882 (247 SE2d 556).

3. We find merit in the contention that the trial court erred in charging that any recovery by King would be affected by comparative negligence attributable to him reflected in the operation of the vehicle operated by his daughter in which he was a passenger. While the principles of law contained in the charge are legally correct, they have no application to the facts shown by the transcript. There is no showing that King's daughter was operating the vehicle in a dangerous or reckless manner prior to the accident. There is no showing that either King or his daughter was aware of the presence of the Parson vehicle until immediately before the accident. " 'No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid being injured.' [Cit.] A guest passenger is not bound to exercise the same degree of care and diligence as a driver of an automobile in which the guest is riding. [Cit.] In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn his host driver of a hazard, it appears from the facts and circumstances *that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to himself or to warn the host driver of the hazard.* [Cits.]" (Emphasis supplied.) *Browning v. Kahle,* 106 Ga. App. 353, 355 (126 SE2d 892). There being no evidence to support this portion of the charge, it was

error for the trial court to give such a charge over the objection of the appellant. Inasmuch as the jury could have concluded that King's daughter was not exercising a reasonable and ordinary care, the verdict could have been reduced by the jury upon an improper standard if the jury attributed that negligence to King. Thus, we conclude that the error was prejudicial. *Steedley v. Snowden,* 138 Ga. App. 155, 158 (225 SE2d 703); *Hanley v. Ford Motor Co.,* 128 Ga. App. 307 (196 SE2d 451).

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 16, 1979 — DECIDED FEBRUARY 9, 1979.

*Altman & McGraw, Harry J. Altman, II,* for appellant.

*Alexander, Vann & Lilly, William U. Norwood,* for appellees.