## 65101. VAUGHN v. AMERICAN FREIGHT SYSTEM, INC. et al.

BANKE, Judge.

The appellant brought this action for damages allegedly sustained when he was struck by a truck owned by appellee American Freight System, Inc., and insured by appellee American Casualty Company. The appellant testified that as he walked in front of the truck, which was either barely moving or had stopped, it suddenly and without warning leaped forward and hit him. The operator of the truck, an employee of American Freight, though available, was not called as a witness. Among other things, the appellant contends that the trial court erred in overruling his motion for a new trial on the general grounds. *Held:*

1. "[T]he evidence must be construed most strongly in favor of the prevailing party, and the question to determine is as to whether the judgment, under such construction of the evidence, should be upheld or overturned." *Alexander v. Kendrick,* 134 Ga. App. 249 (213 SE2d 911) (1975). Our review of the record and transcript reveals that the evidence supports the jury's verdict. The only possible factual basis for recovery is found in the testimony of the appellant referred to above. The jury was authorized to find from the evidence presented either that the driver was not negligent or that the appellant was barred by his own negligence from any recovery.

2. The appellant contends that the trial court erred in denying his objection to comments made by appellees' counsel during closing argument regarding appellant's failure to call the operator of the

truck as a witness. " 'Where a witness is known, competent, and compellable to testify as to material facts of which he is cognizant, counsel may properly comment in his argument before the jury on the failure of a party to whom the witness is accessible to produce the witness' testimony.' *Floyd v. Colonial Stores,* 121 Ga. App. 852 (6) (176 SE2d 111) (1970), [Cits.]." *Thompson v. Colter,* 242 Ga. 784 (3) (251 SE2d 526) (1979). It is clear from the record that the witness was accessible and he was in fact present at trial, having been subpoenaed by the appellant. This enumeration of error is without merit.

3. Next, the appellant contends that the trial court erred in failing to charge the jury on the theory of *res ipsa loquitur.* The elements of the doctrine are: "(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Fender v. Colonial Stores, Inc.,* 138 Ga. App. 31, 38 (225 SE2d 691) (1976). Clearly, the first and third of these elements are lacking in this action.

4. Appellant also enumerates as error the trial court's charge on assumption of risk, comparative negligence, last clear chance, and the liability of an employer for the action of its servant. All three charges were proper statements of the law and were based on the evidence before the jury.

5. The remaining enumerations of error concern issues of damages only and must consequently be considered moot in light of the jury's verdict in favor of the appellees on the issue of liability. See *Reliford v. Central of Ga. R. Co.,* 140 Ga. App. 782 (4) (232 SE2d 129) (1976).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 30, 1982 —
REHEARING DENIED DECEMBER 15, 1982 —

*Jack Dorsey,* for appellant.
*David K. Whatley,* for appellees.