#### 69451. BROWN et al. v. SIMS et al.
(329 SE2d 523)

CARLEY, Judge.

Appellants' daughter was killed when the car in which she was a passenger collided with a tractor-trailer truck. Appellants instituted separate civil actions against appellees, who are the drivers of the two vehicles and certain others who were alleged to be vicariously liable. A consolidated trial was held, and a jury found in favor of all appellees. Appellants' motion for new trial was denied, and appellants appeal.

1. Appellants enumerate as error the trial court's instructions to the jury on the following issues: a guest passenger's duty to exercise ordinary care to avoid injury; and the duty of a guest passenger to take affirmative action. It appears from the transcript that appellants did not object to these charges at trial. Accordingly, their propriety in the context of this case will not be reviewed. *Hightower v. McIntyre,* 170 Ga. App. 269 (1) (316 SE2d 849) (1984); *Hunter v. Batton,* 160 Ga. App. 849 (1) (288 SE2d 244) (1982).

2. After giving its instructions to the jury, the trial court inquired

---

whether there were any exceptions to the charge. At that time, appellants did object to the charges on assumption of risk and comparative negligence, and the giving of those charges is now enumerated as error. However, appellees contend that appellants' objections were untimely because they were not raised during a previous charge conference.

An objection to an instruction which is made during a charge conference, but which is not made or reiterated following the giving of the charge, fails to preserve the matter for review by an appellate court. *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56, 57 (2) (306 SE2d 54) (1983); *Mack v. Barnes*, 128 Ga. App. 328, 329 (2) (196 SE2d 684) (1973). " '[T]he requirement is that there be a proper objection *after* the court instructed the jury and before the jury returned a verdict.' [Cits.]" (Emphasis in original.) *Dept. of Transp. v. Brand*, 149 Ga. App. 547, 550 (6) (254 SE2d 873) (1979), overruled on other grounds, *MARTA v. Dendy*, 250 Ga. 538 (299 SE2d 876) (1983). See also OCGA § 5-5-24 (a). If an objection made only at a charge conference is insufficient to preserve an issue for appeal, then it follows that the failure to make an objection at a charge conference should not preclude a party from making an objection at the appropriate time, *after* the charge is given. Therefore, we hold that an objection made after the charge and in response to the trial court's inquiry concerning exceptions to its instructions is timely, whether or not that objection was raised during a previous charge conference.

3. Appellants assert that the trial court's charge on assumption of risk was not authorized by the evidence.

"It is a well established rule that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] It is not even necessary [that] there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. [Cit.]" *Lockard v. Davis*, 169 Ga. App. 208, 210 (312 SE2d 194) (1983). The evidence in the instant case was that appellants' daughter was riding in a car driven by appellee Holly Sims. The two young ladies stopped at a gas station and asked for directions. Instead of following the instructions supplied by the attendant, Ms. Sims drove away in another direction. She exited the gas station and proceeded northbound in the southbound lane of a divided highway in order to reach a paved crossover in the grassy median. Upon reaching the crossover, she drove her car onto the highway directly into the path of an oncoming tractor-trailer truck. The vehicles collided, and appellants' daughter was killed. While Ms. Sims was executing the aforementioned maneuvers, appellants' daughter was adjusting the tape player in the Sims automobile, and accordingly was looking down into the center of the car rather than at traffic or Ms. Sims' path of travel.

"The necessary elements of assumption of risk by [a guest passenger] have been clearly defined as follows: first, there must be a hazard or danger inconsistent with the safety of the guest; second, the guest must have a knowledge and appreciation of the hazards; and third, there must be acquiescence or willingness on the part of the guest to proceed in the face of danger. [Cits.] Thus, it will be seen that the basis of the doctrine of assumption of risk is that a party assumes the risk of danger which he knows and appreciates or that the law will hold that he does know and appreciate." *Roberts v. King,* 102 Ga. App. 518, 521-522 (116 SE2d 885) (1960). " ' "No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that [s]he is afforded a reasonable opportunity to take appropriate action to avoid being injured." [Cit.] A guest passenger is not bound to exercise the same degree of care and diligence as a driver of an automobile in which the guest is riding. [Cit.] In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn [her] host driver of a hazard, it appears from the facts and circumstances *that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to [her]self or to warn the host driver of the hazard.* [Cits.]' . . . [Cit.]" (Emphasis in original.) *King v. Parson,* 149 Ga. App. 28, 29 (253 SE2d 426) (1979). See also *Browning v. Kahle,* 106 Ga. App. 353, 355-356 (126 SE2d 892) (1962).

Appellees contend that there was some evidence that appellants' daughter had notice of the hazard created by Ms. Sims' driving, and that she knowingly acquiesced therein. It is true that there was evidence from which a jury could infer that appellants' daughter was aware that Ms. Sims did not follow the directions provided by the gas station attendant, and that Ms. Sims proceeded northbound in a southbound lane of traffic. There was also evidence that appellants' daughter never voiced any objections to Ms. Sims' conduct. However, there was no evidence that appellants' daughter had actual knowledge that Ms. Sims did not intend to yield the right-of-way to oncoming traffic. In fact, the only reasonable inference from the evidence presented was that Ms. Sims actually intended so to yield, but that she failed to observe the approaching truck. " '[E]ven when there is knowledge and appreciation of a [particular] risk, the plaintiff[s] may not be barred from recovery, where the injuries are not caused by the negligence of the defendant which is assumed by the plaintiff[s' decedent]. The fact that the plaintiff[s' decedent] is fully aware of one risk, such as the speed [or the direction] at which the car is being driven, does not mean that she automatically assumes another risk of which she is unaware, such as the failure of the driver to watch the road.' " *Thompson v. Dempsey,* 120 Ga. App. 759, 760 (2) (172 SE2d

198) (1969).

There was no evidence that appellants' daughter was aware of the oncoming truck or the hazard created by Ms. Sims' failure to yield the right-of-way, or that she had an opportunity to take any affirmative action with regard thereto. Accordingly, a charge on assumption of risk was not authorized by the evidence and was erroneously given in the instant case. *King v. Parson*, supra; *Browning v. Kahle*, supra; *Hanley v. Ford Motor Co.*, 128 Ga. App. 307, 308 (196 SE2d 451) (1973). Compare *Hatcher v. Bray*, 88 Ga. App. 344, 347-348 (5), (6) (77 SE2d 64) (1953); *Crandall v. Sammons*, 62 Ga. App. 1, 2 (1) (7 SE2d 575) (1940).

4. Appellants also enumerate as error the trial court's charge on comparative negligence, asserting that there was no evidence of any negligence on their daughter's part. Contrary to this assertion, there was some indirect evidence from which a jury might infer that appellants' daughter obscured Ms. Sims' vision when she leaned forward to adjust the tape player in the car. Such conduct by appellants' daughter would constitute a violation of OCGA § 40-6-242 (b) (former Code Ann. § 68A-1104 (b)), which prohibits passengers from riding "in such position as to interfere with the driver's view ahead or to the sides. . . ." Even though there was no direct testimony, there was some slight evidence to suggest that appellants' daughter may have been negligent in this regard. Applying the standard set forth in *Lockard v. Davis*, supra, we find that the charge on comparative negligence was adequately supported by the evidence in the case. See *Vaughn v. American Freight System*, 164 Ga. App. 786, 787 (4) (298 SE2d 284) (1982); *Southern States, Inc. v. Thomason*, 128 Ga. App. 667, 669-670 (2) (197 SE2d 429) (1973), overruled on other grounds, *Smith v. Telecable of Columbus*, 140 Ga. App. 755 (232 SE2d 100) (1976), reversed 238 Ga. 559 (234 SE2d 24) (1977).

5. For the reason discussed in Division 3, the trial court erred in denying appellants' motion for new trial.

*Judgment reversed. Birdsong, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 7, 1985 —
REHEARING DENIED MARCH 28, 1985 —

*John M. Sikes, Jr.*, for appellants.
*Daryll Love, N. Forrest Montet, John Gilleland*, for appellees.