appellant.

*Steven K. Leibel*, for appellees.

### A99A0411. BRASWELL v. CLAYTON et al.
(518 SE2d 714)

BLACKBURN, Presiding Judge.

Following a jury trial in her personal injury action, Donna Marie Braswell appeals the defense verdict in favor of Linda Sue Clayton and Michael Dennis Harvell, contending that: (1) the trial court erroneously charged the jury regarding the imputation of a driver's negligence to a guest passenger and (2) the trial court erroneously charged the jury regarding comparative negligence and the apportionment of damages. For the reasons set forth below, we reverse.

The record shows that, on May 18, 1993, Clayton was driving her truck and Braswell was her passenger. Braswell had agreed to accompany Clayton on a trip to visit one of Clayton's friends. On the way, Clayton decided to make a stop to buy some chewing gum. While driving to the store, Clayton crested a hill and noticed Harvell's car in the lane in front of her. Both Braswell and Clayton testified that Harvell was stopped in the road and that his left turn signal was on. As Clayton approached, she discovered that her brakes were malfunctioning. Braswell advised Clayton to pump the brakes and to turn right into a parking lot in order to avoid the collision. After looking to the right and judging for herself, Clayton attempted to turn into the parking lot. Clayton unequivocally testified that, although Braswell initially suggested the right turn into the parking lot, she made the ultimate decision on her own after looking to the right to see if the way were clear. Harvell also turned to the right, and the two cars collided. Braswell claimed that her shoulder and neck were injured as a result of the collision.

1. Braswell contends that the trial court improperly charged the jury regarding imputation of a driver's negligence to a guest passenger. While the substance of the trial court's charge was an adequate statement of the law, see *Steedley v. Snowden*, 138 Ga. App. 155, 156 (1) (225 SE2d 703) (1976), the charge was not adjusted to the facts in this case. There simply was no evidence in the record that Braswell committed any acts which affected Clayton's driving and could, therefore, be imputed back to Braswell.

> No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid

being injured. In every case we have found holding that a guest passenger had a duty to take some affirmative action such as to warn his host driver of a hazard, it appears from the facts and circumstances that the guest had actual knowledge of the hazard coupled with an opportunity to take appropriate action to avoid injury to himself or to warn the host driver of the hazard.

(Punctuation omitted.) Id. at 157.

By her own admission, Clayton testified that the decision to turn right into the parking lot, thereby precipitating the collision, was her choice, despite Braswell's prior suggestion. As such, Clayton denied that the one act in the record supporting Braswell's negligence had any effect on her driving decisions. Accordingly, the trial court erred in charging the jury on the law of imputed negligence because there was no evidence supporting such a charge at all, and it was not adjusted to the facts of this case.

2. Braswell also contends that the trial court improperly charged the jury with regard to Braswell's comparative negligence and the apportionment of damages. Again, we must agree.

The trial court charged:

If you find that a defendant was negligent and that the plaintiff was also guilty of negligence which contributed to the plaintiff's injury and damages, and the plaintiff's negligence was equal to or greater than that of the defendant's, then the plaintiff cannot recover.

Now, if you find that a defendant was negligent so as to be liable to the plaintiff, and that the plaintiff was also negligent, thereby contributing to the plaintiff's injury and damages, but that the plaintiff's negligence was less than the defendant's negligence, then the negligence of the plaintiff would not prevent the plaintiff's recovery of damages, but would require that you reduce the amount of damages otherwise awarded to the plaintiff in proportion to the negligence of the plaintiff compared with that of the defendants.

As long as there is any evidence that a plaintiff was negligent, a comparative negligence charge will not constitute reversible error. See *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470, 472 (433 SE2d 398) (1993). In this case, however, as pointed out in Division 1, above, Clayton admitted during trial that Braswell's advice did not ultimately affect her driving decisions, thereby eliminating any inference that Braswell's advice could have contributed to the accident with Harvell. Moreover, there is no other evidence that Braswell was

negligent in any way which could have attributed to her injuries, such as impeding Clayton's view of the road. As a result, the trial court erred by instructing the jury on the concepts of comparative negligence without limiting the application of such doctrine to the two drivers in this case.

As this instruction "could have led the jury into determining that the fault of the plaintiff[] and defendant[s] was equiponderant, resulting in a finding for the defendant[s]," it must be considered harmful error, and this case must be reversed. *Snowden*, supra at 158 (1).

*Judgment reversed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999.

*Jack F. Witcher, Ana M. Rountree*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Robert H. Sullivan, Glenn M. Jarrell, Downey & Cleveland, Russell B. Davis*, for appellees.

