## 22710. PETWAY et al. v. McLEOD.

STEPHENS, J. 1. Where a person maintained an automobile for use by his family, including his wife, and which was at the disposal of the wife to use at any time and was kept for that purpose, and where the wife, with the husband's consent, used the automobile for the purpose of going on a trip, the wife, in taking and operating the car while on the trip, did so as the authorized agent of the husband, and any negligence on her part in the operation of the automobile pursuant to the purpose for which she is using it was imputable to the husband.

2. Where, after an automobile which was running forty miles an hour had overtaken and passed a truck on the road which was going in the same direction, a person in the automobile, who was not driving, became excited and grabbed the steering wheel and swerved the automobile to the right, and the automobile swerved from one side of the road to the other, going from the right to the left, and ran into a ditch, and where the driver, after the other person grabbed the steering-wheel, told the latter to leave the wheel alone, and cried out, "Turn it loose, I've got it," and where another person in the automobile, who was a guest of the person who grabbed the steering-wheel, was injured, a jury was authorized to infer that the conduct of the person grabbing the wheel under the circumstances was gross negligence.

3. On the trial of a suit brought by the person injured against the owner of the automobile and against the person who grabbed the steering-wheel, who was the wife of the owner, where the wife as a witness, on being asked by counsel for the defendants if she had signed a particular written statement presented to her, stated that she signed it without knowing much about it and without reading it, and because she thought the insurance company wanted the statement, and because a person stated to her that the insurance company wanted it, the answer was relevant and admissible as showing why the witness signed the statement; and the court did not, on motion of defendants' counsel, err in refusing to exclude the statement as being irrelevant and harmful.

4. This being a suit in which the plaintiff sought to recover of the defendants damages for injuries alleged to have been received by the plaintiff as a result of the wrecking of an automobile in which the plaintiff was riding as the defendants' guest, caused by the alleged gross negligence of one of the defendants in grabbing the steering-wheel of the automobile while another person was driving it, and causing the automobile to swerve back and forth and run off the road, and there being no contention in the pleadings by the defendants that the person who grabbed the steering-wheel did so in an emergency and for the purpose of assisting the driver to maintain the car in the road, an exception to a failure of the court to give this contention in charge to the jury, in the absence of a special request so to do, is without merit.

5. A charge of the court that the jury should take into consideration all the evidence and then say whether the defendant who was in the automobile "seized the steering-wheel at the time and place described, and, if so, whether this caused [the driver of the automobile] to lose control of the machine and swerve the car to the right of the road and then imme-

diately turn the steering-wheel and swerve to the left of the road, and all the way across the highway and down the embankment and fill," was not an expression of opinion that the car swerved to the right of the road and then immediately swerved to the left of the road and all the way across the highway. This was an instruction that it was a question for the jury to determine whether the automobile swerved, etc., as indicated.

6. The petition set out a cause of action against both defendants, the allegations in the petition were supported by the evidence, and the court did not err in overruling a motion to dismiss the case.

7. The evidence authorized the inference that the injuries received by the plaintiff were proximately caused by the gross negligence of the defendant, who was the owner of the automobile, by his wife as his authorized agent in control of the car, and by the gross negligence of the wife herself; and the jury were authorized to find for the plaintiff.

8. The court did not err in overruling the motion for a new trial. See *Rowe* v. *Camp*, 45 *Ga. App.* 794 (165 S. E. 131).

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 29, 1933.

*Jones, Evins, Powers & Jones,* for plaintiff in error.

*Howard E. Coates, Colquitt, Parker, Troutman & Arkwright,* contra.