39933. SALE CITY PEANUT & MILLING COMPANY, INC.
v. PLANTERS & CITIZENS BANK et al.

39934. WATSON v. PLANTERS & CITIZENS BANK et al.

DECIDED FEBRUARY 20, 1963—REHEARING DENIED
MARCH 6, 1963.

*R. T. Spencer*, for plaintiffs in error.

*Frank C. Vann, Frank S. Twitty, Frank S. Twitty, Jr., Twitty & Twitty*, contra.

FELTON, Chief Judge. It is contended by the defendants in error that any recovery under the petition must be based on either a malicious abuse of process or a malicious use of process, and that since neither is shown, no cause of action is alleged. This contention is unfounded, for the reason that a foreclosure under a power of sale contained in security deeds is not a judicial proceeding. "This power of sale is nothing more than a remedy given to the creditor by the debtor for enforcing the payment of the debt without resorting to the courts for this purpose. Its evident intention was to save both time and expense in the collection of the debt, should there be default in its payment. It is a remedy, therefore, by contract intended to substitute the remedy by law, should the creditor see fit to

avail himself of the power conferred upon him by his debtor." *Moseley v. Rambo,* 106 Ga. 597, 600 (32 SE 638); *Gurr v. Gurr,* 198 Ga. 493, 509 (32 SE2d 507). That it is not a judicial proceeding, hence not involving either use or abuse of process, can clearly be seen from the wording of *Code* § 37-608, which requires confirmation and approval of the superior court judge before any action may be taken to obtain a deficiency judgment "[w]hen any real estate is sold on foreclosure, *without legal process,* under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of the debt secured by such deed, mortgage, or contract. . ." (Emphasis supplied.)

"Powers of sale in deeds to secure debt are matters of contract, and they must be strictly construed, and will be enforced as written." *Verner v. McLarty,* 213 Ga. 472, 477 (99 SE2d 890); *Miron Motel, Inc. v. Smith,* 211 Ga. 864 (3) (89 SE2d 643); *Code Ann.* § 37-607. In the present case, the provisions of the security deeds granting the power of sale were, in effect, contracts which gave the grantee the right to exercise the power of sale *upon default in payment,* and not before such default. It is alleged that the defendants published their statement to the effect that the plaintiffs were in default and that the property covered by the security deeds would be sold at public outcry prior to the maturity date of the note and hence before there was a default in payment. Although the petition does not allege that there was an actual sale under the power of sale, and therefore under the rules of construction we can assume that there was none, it does allege that the defendants knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result of this publication. We are of the opinion that the petition alleged facts which showed a breach of duty toward the plaintiffs by the defendants and hence set out a cause of action good as against a general demurrer.

The court erred in sustaining the general demurrers to the petitions. The special demurrers, which were not ruled on by the trial court, are not considered here.

*Judgments reversed. Eberhardt and Russell, JJ., concur.*