60971, 60972. MAYO v. BANK OF CARROLL COUNTY; and vice versa.

SHULMAN, Presiding Judge.

Plaintiff brought suit against defendant-bank for its alleged violation of Code Ann. Ch. 57-2, the Georgia Secondary Security Deed Act, and for its alleged wrongful acceleration of a promissory note and attempted foreclosure of a deed to secure debt executed by plaintiff pursuant to the note. Plaintiff brings this appeal from the grant of a directed verdict in favor of defendant on both counts. In the event that judgment is reversed, defendant (cross appellant) appeals the admission of certain testimony into evidence. We reverse the trial court's grant of defendant's motion for directed verdict on the main appeal, and affirm the trial court's judgment on the cross appeal.

1. Defendant does not deny that plaintiff's complaint for wrongful acceleration and attempted foreclosure states a cause of action (see in this regard *Sale City Peanut &c. Co. v. Planters & Citizens Bank,* 107 Ga. App. 463 (130 SE2d 518)), but contends that plaintiff failed to produce any evidence in the presentation of his case that would warrant a verdict and judgment in his favor. Defendant-bank argued that acceleration of the promissory note was justified on the grounds of plaintiff's late tender of payment and by virtue of defendant's deeming itself "insecure" on the note.

Defendant contended that it was authorized to refuse plaintiff's tender of his August 1978 monthly installment on the note because the tender was made two days after the payment due date. (Payment was due on Saturday, August 20, 1978, but tendered Monday, August 22, 1978.) Plaintiff asserted that since payments had been tendered late and accepted late throughout the term of the loan, there occurred, in effect, a modification of the parties' signed agreement to allow for such "late" payment. Plaintiff argued that the parties' course of dealing created a factual question as to whether a quasi new agreement had been created. We agree.

"[E]vidence of the [debtor's] repeated, late, irregular payments, which are accepted by the [creditor] does create a factual dispute as to whether a quasi new agreement was created under Code § 20-116 . . ." *Smith v. Gen. Finance Corp. of Ga.,* 243 Ga. 500, 501 (255 SE2d 14).

The evidence shows that of the nine monthly payments made and accepted on the note prior to the tendered payment of August 1978, six of such payments were not timely. We thus refuse to hold, as defendant would have us do, that there was *no* evidence of "repeated, late, irregular payments" (id.) to present to a jury. To the contrary, we find that there was sufficient evidence to raise an issue for jury resolution in regard to the creation of a quasi new agreement.

Moreover, evidence that defendant agreed to the late payment of the August installment raised a question as to whether defendant had expressly waived timely payment of that installment. If that were true, then the late payment could not constitute proper grounds for the acceleration of the loan. For the foregoing reasons, a directed verdict in favor of defendant based upon plaintiff's alleged late tender of payment was error.

2. Even assuming that acceleration of the note and the institution of foreclosure proceedings were not properly premised upon defendant's late tender of payment, defendant asserts that it was properly based upon the bank in good faith deeming itself insecure (in accordance with the provisions of the promissory note). While we cannot agree with plaintiff's contention that defendant's "insecurity" was not an issue formed by the pleadings, we do agree that questions of fact exist as to the validity of defendant's claim of insecurity.

Plaintiff presented evidence that defendant sought to deem itself insecure and foreclose upon the property in the deed to secure debt in order to perfect a claim against the Clerk of the Superior Court of Paulding County, who had misindexed the deed, and not for its claimed reason — that defendant deemed itself insecure upon notice in June or July of plaintiff's advertisement of the sale of his business (which defendant considered collateral for the loan). In that regard plaintiff presented evidence to the effect that the advertisement referred to by defendant appeared in January of 1978, and not in the summer of 1978 as contended by defendant.

In view of the conflicting evidence presented on the issue of whether "in determining the loan insecure, the bank acted honestly, in good faith, and not arbitrarily or capriciously" (*Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175, 177 (243 SE2d 528)), the grant of defendant's motion for directed verdict on such basis was improper. Id. See Code Ann. §§ 109A-1—201 (19) and 109A-1—208.

3. Plaintiff contends that under the terms of the deed, the bank only had the power to sell the secured property in the event the debt was not promptly paid when due. Plaintiff thus argues that even if the trier of fact determines that the bank in good faith deemed itself insecure, the deed to secure debt did not authorize the bank to sell the secured property for that reason under a power of sale.

Apparently, plaintiff sees a conflict in the deed and promissory note which this court does not find. The terms of both the promissory note and deed to secure debt provide the bank with the power to sell the secured property upon plaintiff's failure to pay the debt as due. Thus, if the acceleration of the debt was proper for whatever reason (e.g., because of failure to make timely payment or because the bank in good faith deemed itself insecure), then the security deed grants defendant the power to sell the secured property. See *Ward v. Watkins,* 219 Ga. 629 (135 SE2d 421).

4. We find no merit in plaintiff's contention that defendant waived its right to accelerate the debt upon deeming itself insecure on the ground that its advertisement for the sale of the secured property did not state "insecurity" as the basis for default.

First, we do not agree with plaintiff that the advertisement stated an incorrect reason for the default. (The advertisement stated that plaintiff's promissory note was in default as to interest and principal.) Second, even if the advertisement was inaccurate for the reason assigned, "[w]hen a creditor has a contractual right to declare a default and accelerate the debt and the creditor correctly communicates that decision in a timely fashion to the debtor, a subsequent foreclosure advertisement, stating another reason for the default and acceleration, does not necessarily result in a wrongful foreclosure." *First Nat. Bank v. Ferrell,* 239 Ga. 8, 11 (235 SE2d 507).

Inasmuch as "[t]he evidence in this case raises an issue of fact as to whether the [appellant] received notice of the intention to accelerate and of the actual default prior to publication of the notice of sale" (id., p. 11) (and whether such notice was, in fact, fallacious), plaintiff's contention that defendant waived, as a matter of law, any ground for default not stated in the advertisement (see in this regard *Lee v. O'Quinn,* 184 Ga. 44 (190 SE 564)) is not meritorious. Id.

5. Plaintiff submits that the trial court erred in granting defendant's motion for directed verdict in Count 2 of its complaint, seeking damages for defendant's alleged violation of the Georgia Secondary Security Deed Act. In light of *Goodwin v. Trust Co.,* 144 Ga. App. 787 (242 SE2d 302), we find that the trial court's grant of defendant's motion for directed verdict on this claim was error.

Like the appellee-bank in *Goodwin,* defendant-bank in the case at bar asserts that Code Ann. Ch. 57-2 was intended to regulate lending institutions primarily in the second mortgage business. "That contention is not borne out by a reading of Code Ann. §§ 57-201 [et seq.]. A transaction is within the regulatory authority of the Chapter . . . if it is '. . . a loan secured in whole or part by a security deed, mortgage, or other security instrument, other than a first security deed, first mortgage or other security instrument, on residential real estate improved by the construction thereon of housing consisting of four or less family dwelling units, executed by an individual or individuals . . .' Code Ann. § 57-201. Appellee has admitted that the [loan] asserted in appellant['s] [claim] to be violative of Ch. 57-2 [was] secured by [a] secondary security [deed] and has made no showing that the [transaction was] otherwise excluded from the Act. Appellee has not shown, on that issue, that [appellant] cannot recover and has failed, therefore, to bear the burden imposed on a movant for [directed verdict]." *Goodwin,* supra, p. 789. That being so, the grant of a directed verdict in favor of defendant was error.

6. On cross appeal, cross appellant (appellee in the main case) contends that the trial court erred in refusing to grant a mistrial upon the introduction of evidence concerning the insurance of the Clerk of the Superior Court of Paulding County. The matter of insurance was raised in regard to the county's possible liability for the misindexing of plaintiff's deed to secure debt.

While the question of the trial court's failure to grant a mistrial is moot (since the case has been reversed for new trial), it is likely that upon retrial plaintiff will attempt to reintroduce such evidence. We hold that its admission into evidence would not constitute error.

The matter of insurance was admitted for the purpose of shedding light on the reason behind defendant's acceleration of the debt and institution of foreclosure proceedings to determine, in regard to the bank's deeming itself insecure, whether the bank acted in good faith. It was plaintiff's contention that foreclosure proceedings were instituted, not because the bank deemed itself insecure (and not on the ground of a late tender of payment), but in order to protect or perfect its claim against the county for the misindexing of the deed to secure debt.

"It is true that evidence of *liability* insurance for the benefit of one charged with negligence is usually refused, the rationale being that the evidence is irrelevant and prejudicial because it suggests to the jury that the wealth of the insurer is available to assuage the tort. [Cit.] Where, however, the existence of insurance becomes relevant for some other reason, it should be admitted. See *Petway v. McLeod,*

47 Ga. App. 647 (3) (171 SE 225)." *Sasser v. Lester,* 153 Ga. App. 220 (3) (264 SE2d 728).

For the reasons stated above, we hold that the direction of a verdict for the Bank of Carroll County was erroneous, and the judgment must be reversed. On the cross appeal, we find no error and affirm.

*Judgment reversed in Case No. 60971; judgment affirmed in Case No. 60972. Quillian, C. J., and Carley, J., concur.*

Decided January 15, 1981.

*Walter P. Rowe,* for appellant.
*William J. Wiggins, C. Theodore Lee,* for appellee.