## 64624. HALL v. ROBINSON.

SHULMAN, Chief Judge.
This is an appeal from a judgment based on a jury verdict setting aside a foreclosure sale, awarding appellee $6,000 in compensatory damages accruing from the alleged wrongful foreclosure, and awarding appellee his attorney fees and expenses of litigation. Appellant enumerates the following grounds of alleged error: (1) there was no competent evidence establishing the reasonable value of appellee's attorney fees; (2) the award of attorney fees was not authorized by the evidence; (3) the award of compensatory damages was not authorized by the evidence; (4) appellee could not both have the foreclosure sale set aside and recover compensatory damages; (5)

there was insufficient evidence to authorize the cancellation of the foreclosure sale; (6) the trial court erred in admitting two exhibits into evidence; and (7) the trial court erred in denying appellant's motion for directed verdict.

1. There was competent evidence establishing the reasonable value of appellee's attorney fees. Appellee's counsel stated in her place the amount of time she had put in the case and her hourly rate, which she felt to be reasonable for an attorney of her experience. Appellant did not cross-examine appellee's counsel or challenge her testimony in any other manner. Her testimony was sufficient to establish the reasonable value of appellee's attorney fees. *Altamaha Convalescent Center v. Godwin,* 137 Ga. App. 394, 397 (224 SE2d 76).

2. The trial court did not err in submitting the issue of attorney fees and expenses of litigation to the jury. "Code § 20-1404 permits the award of attorney fees if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense" (id., p. 395), "all of which must arise out of the transaction from which the cause of action arose." *Bayliner Marine Corp. v. Prance,* 159 Ga. App. 456, 461 (283 SE2d 676). There was sufficient evidence from which the jury could have concluded that appellant entered into the sales agreement or instituted the foreclosure proceedings in bad faith. We cannot state that the jury's award of attorney fees and expenses of litigation was not authorized by the evidence. See *Ford Motor Credit Co. v. Spicer,* 144 Ga. App. 383 (4) (241 SE2d 273). Perhaps it was for the same reason that appellant took no exception to the trial court's charge on attorney fees as being unauthorized by the evidence.

3. Appellant challenges the award of compensatory damages as being both unauthorized by the evidence and improper in conjunction with the setting aside of the foreclosure sale. She does not challenge the amount of the damage award. Appellant agrees that a party may state a cause of action for damages based upon an alleged wrongful foreclosure. *Mayo v. Bank of Carroll County,* 157 Ga. App. 148 (276 SE2d 660); *Sale City Peanut &c. Co. v. Planters & Citizens Bank,* 107 Ga. App. 463 (130 SE2d 518). We do not agree with her assertion, however, that there was no evidence in this case showing actual damage to appellee as a result of the foreclosure. Appellee testified about damage to his financial affairs that had accrued from the foreclosure. The evidence in this case was sufficient to authorize the jury's conclusion that appellee had sustained actual damage as a result of the foreclosure.

We will not consider appellant's complaint that the jury was not authorized to set aside the foreclosure and award actual damages. The verdict form clearly permitted such an award by the jury and was

not objected to by appellant. The court charged the jury on the concepts of both setting aside the foreclosure and awarding actual damages, and there was no exception by appellant to any of these charges on the ground that the jury would not be authorized to award actual damages and set aside the foreclosure. The case was, in fact, clearly tried throughout without any complaint by appellant that the jury could not both set aside the foreclosure and award actual damages. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. [Cits.]" *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Bolton Rd. Med. Center v. C & S Nat. Bank,* 151 Ga. App. 21 (1) (258 SE2d 682). Consequently, we will not consider the issue raised by appellant's Enumeration of Error No. 3.

4. Appellant's fourth enumeration of error challenges the sufficiency of the evidence to authorize cancellation of the foreclosure sale. This argument is based on the alleged premise that appellee failed to demonstrate that he complied with all of the covenants in the security deed, particularly those dealing with structural changes to the premises. However, a review of the transcript clearly demonstrates that appellee's compliance with the covenants of the security deed and note, other than those dealing with his payment obligations pursuant to the note, were never in issue at trial. Appellant is attempting to assert noncompliance with covenants not contested at trial. There is no more fundamental principle of appellate practice in this state than that which precludes review of matters not placed in issue at the trial level. *Young v. Jones,* 149 Ga. App. 819 (1) (256 SE2d 58). This enumeration presents nothing for review.

5. Appellant's sixth enumeration of error challenges the alleged admission into evidence of an exhibit introduced by appellee and specifically ruled out by the trial court after objection by appellant. The trial transcript reflects that the exhibit was among those admitted at the close of appellee's case, despite the court's prior ruling. Appellee has attached to his brief an affidavit of the court reporter stating, in substance, that the transcript is probably in error to the extent that it reflects that the exhibit was admitted. This affidavit is not a part of the record of this case and cannot be considered by this court. However, we find no objection by appellant to the admission of this exhibit at the time it was allegedly admitted, so this enumeration of error presents nothing for review. *Jacobs Pharmacy Co. v. Buford-Clairmont, Inc.,* 137 Ga. App. 133 (9) (222 SE2d 904).

6. Appellant's fifth enumeration of error challenges the trial court's ruling to admit into evidence the real estate sales contract

that was superseded by the closing documents on the subject property. The trial court initially sustained appellant's objection to this document on relevancy grounds, but admitted the document on the ground that it was relevant on the issue of appellant's alleged conduct in unilaterally altering the terms of the agreement at the closing. We agree that the trial court properly admitted the document on that basis, since appellant's conduct in connection with the consummation of the transaction was clearly relevant on the issue of bad faith. See Division 2 of this opinion.

7. Appellant's final enumeration of error challenges the trial court's denial of her motion for directed verdict. The basis of the motion was that the evidence showed that appellee was in default under the note, thus entitling appellant to exercise her foreclosure power under the security deed. However, the trial court ruled correctly that the issue of whether appellant was in default under the note presented a jury question. The relevant provision of the note stated: "Payor shall have one sixty (60) grace period during the first twelve (12) months of this loan and a final grace period of sixty (60) days for the [final payment due under the note]." The first payment was due on March 4, 1980. Appellee made his first payment on March 23, 1980, and did not tender another payment until just prior to June 4, 1980, when he tendered the monthly payment due on that date. He testified that his interpretation of the grace period provision of the note allowed him to make a minimum of 10 of the 12 payments due the first year of the loan. Appellant testified that she interpreted the provision to mean that three payments were due at the expiration of the first 60-day grace period. The provision appears capable of at least two other interpretations as applied to the facts of this case. The trial court correctly determined that the subject contract provision was ambiguous and that a question as to the intention of the parties was left for resolution by the jury. *Bress v. Keep-Safe Industries,* 155 Ga. App. 544 (2) (271 SE2d 867). The trial court properly denied appellant's motion for directed verdict.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 17, 1983 —
REHEARING DENIED FEBRUARY 11, 1983 — ▮▮▮▮▮▮▮▮▮

*W. Franklin Freeman, Jr., Harvey J. Kennedy, Jr.,* for appellant. *Carole V. Clark, Thomas E. Prior,* for appellee.