A89A0224. ANDERSON v. WILLIAMS.
(384 SE2d 229)

BEASLEY, Judge.

Cheryl Anderson appeals from judgment on a jury verdict after her motion for new trial was denied. On February 14, 1981, she wrecked the Mercury she was driving in attempting to avoid the vehicle of Harold Williams which was parked on a bridge at night with no visible lights. A few days later, she was treated for injuries she received in the collision. Then on February 21, 1981, she was involved in another automobile collision. She also suffered injuries from that incident for which she recovered damages as a result of a settlement of her claim.

Anderson sued Williams and served Continental Insurance Company as an uninsured motorist carrier pursuant to OCGA § 33-7-11. She sought recovery for hospital expenses, for damages to the automobile and for pain and suffering. The Mercury was insured under a Continental policy naming as insured Charles Anderson, from whom she was divorced on February 5, 1981. Under the terms of a settlement agreement incorporated into the decree, the automobile which was titled to Charles and financed through Ford Motor Credit was apportioned to Cheryl. She was to make payments and upon completion Charles was to convey title to her.

Continental answered the complaint and asserted as a defense that the policy did not afford uninsured coverage on the claim against Williams. Prior to trial, Continental admitted that Williams' negligence was the proximate cause of the collision and under the pretrial order Charles was eliminated as a party to the case.

At the trial Ms. Anderson sought recovery only for her pain and suffering and damages to the Mercury. Continental sought to establish she had already recovered for all her personal injuries because of the settlement of the February 21 claim and neither she nor the vehicle she was driving on February 14 was covered under the policy issued to Charles.

The jury awarded her damages for the automobile but none for her pain and suffering. It further found that Charles did not have an insurable interest in the Mercury on February 14 and thus there was no uninsured motorist coverage provided. Judgment was entered on the verdict and Anderson's motion for new trial was denied.

She enumerates four errors: 1) failure of the trial court to direct a finding that the insurance policy was binding upon the insurer; 2) deprivation of her right to open and close; 3) inadmissibility of PIP benefits paid to her; 4) allowing evidence of her recovery for pain and suffering in another case.

These enumerations of error were waived by appellant in the proceedings below and thus preclude our review.

1. As to the first enumeration, counsel for plaintiff agreed to "go along with" the ruling of the trial court on whether there was an issue as to insurable interest. Acquiescence in the ruling eliminates complaint. *Upshaw v. Cooper*, 127 Ga. App. 690, 692 (1) (194 SE2d 618) (1972); *J & F Car Care Svc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504) (1983); *Allen v. Allen*, 198 Ga. 267 (31 SE2d 481) (1944). Moreover, the basis asserted below is not the one argued here. *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 860 (5) (360 SE2d 418) (1987).

2. As to the second enumeration, plaintiff relies upon the rule that the right to open and close are lost if defendant introduces evidence of facts which are material to the defense. *Justice v. Ga. Power Co.*, 164 Ga. App. 599 (1) (298 SE2d 579) (1982). She contends that defendant did not admit a prima facie case and introduced seventeen exhibits which forfeited its right.

During the trial plaintiff's objection was made only when defendant sought to introduce certain depositions, and not for the reason that defense exhibits were introduced during examination of plaintiff's witnesses. Upon the trial court's ruling that the depositions would deprive defendant of the opening and conclusion, it withdrew them. This ground reveals no error. *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (275 SE2d 142) (1980).

3. Plaintiff did not object to the introduction of evidence of PIP benefits and cannot complain at this stage. *Hall v. Robinson*, 165 Ga. App. 410, 412 (4) (300 SE2d 521) (1983).

4. Counsel for plaintiff agreed not to object to evidence of recovery for injuries which Continental contended encompassed those

which Anderson testified had resulted from the February 14 occurrence. Continental's purpose was to show the injuries actually arose from other incidents and not from the collision in question. " '(T)hat to which opposing counsel agree during the progress of a trial cannot be assigned as error.' " *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 124 (5) (290 SE2d 328) (1982). See *Rosenthal v. Hudson*, 183 Ga. App. 712, 713 (2) (360 SE2d 15) (1987).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 3, 1989.

*D. Duston Tapley, Jr.*, for appellant.
*Wilson R. Smith*, for appellee.