A90A0165. ORCHARD PECAN COMPANY v. ALBANY PECAN SALES COMPANY, INC. et al.

(395 SE2d 374)

BANKE, Presiding Judge.

The four appellees herein filed separate suits against the appellant corporation for breach of a plan of reorganization which it had filed under Chapter 11 of the United States Bankruptcy Code. The appellant responded by counterclaiming for damages for abusive litigation. The actions were consolidated for trial without a jury; and after hearing evidence, the trial judge entered judgment in favor of each appellee for the amount claimed, plus interest and court costs. This appeal followed.

The appellees were unsecured creditors of the appellant at the time the bankruptcy proceeding was initiated. Under the appellant's Chapter 11 reorganization plan, which was approved by the United States Bankruptcy Court on July 28, 1983, the claims of such creditors were to be paid "one hundred cents on the dollar in six annual payments, to begin in the year following the date of affirmation [of the plan]." However, in order to allow the appellant "flexibility" in satisfying its obligations to its creditors, the amount of these annual repayments was not specified.

The appellant made payments to the appellees each year for the first three years following the confirmation of the plan but made no subsequent payments, thus prompting the appellees to file the present actions in May of 1988 to recover the balance owing on the debts. An evidentiary hearing was held in the case in December of 1988, following which the court apparently took the matter under advisement. Each appellee filed a "motion for judgment" on July 21, 1989; and on August 1, 1989, the trial court responded by entering the judgments from which the present appeal is taken. *Held*:

1. The appellant contends that it had no liability to the appellees at the time they filed the present actions because the six-year period afforded it by the bankruptcy plan to pay their claims had not yet expired at that time. However, the appellant's obligation to the appellees under the plan clearly had matured by the time the court entered

its judgments; and at the hearing on the appellees' motions for entry of judgment, the appellant's counsel affirmatively represented to the trial court that the passage of time had rendered the maturity issue moot. " ' "That to which opposing counsel agree during the progress of a trial cannot be assigned as error." ' [Cit.]" *Anderson v. Williams*, 192 Ga. App. 130, 132 (384 SE2d 229) (1989).

2. The appellant's remaining enumerations of error are rendered moot by the foregoing.

3. The appellees' motion for the assessment of a 10 percent penalty against the appellant pursuant to OCGA § 5-6-6 for filing a frivolous appeal is denied. The maturity issue raised by the appellant had arguable merit; and had it not been for the appellees' affirmative representation to the lower court prior to the entry of the judgments that the issue had become moot, we cannot say that a reversal would not have been warranted on the basis of it. As the issue of waiver was not raised by the appellees as a basis for affirming the judgments, we conclude that the imposition of a frivolous appeal penalty would not be appropriate in this case. See generally *Burger v. Burton*, 168 Ga. App. 378 (2) (308 SE2d 868) (1983).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 25, 1990.

*Burt & Burt, Hilliard P. Burt*, for appellant.
*H. Arnold Hammack*, for appellees.