## A94A1723. BOWDEN et al. v. PRYOR et al.
### (450 SE2d 845)

Sмiтн, Judge.

Theresa Bowden and Rodney Caldwell brought suit against Roger Pryor and Bill Babrow, doing business as Bill's Auto Care Unlimited, Inc. Plaintiffs alleged they paid defendants to repair their Toyota Celica, but the vehicle was not repaired and defendants kept their money. Defendants responded that plaintiffs brought the car to them for repairs but never supplied an engine as agreed. After storing the inoperable car for over a year on their lot, defendants contend they settled with plaintiffs for storage charges. Defendants moved for summary judgment, the trial court granted the motion, and plaintiffs appeal.

While the underlying facts are in dispute, they are immaterial because plaintiffs have failed completely to address two affirmative defenses: defendants' claim of release or accord and satisfaction and defendants' assertion that the proper defendant was never served because the auto repair business is a corporation. Defendants asserted these defenses in their answer, attaching a copy of the release. They also counterclaimed for abusive litigation. Plaintiffs generally denied the allegations of the counterclaim, but did not address either defense in the pretrial order, and never contended that the release was involuntarily entered into or otherwise invalid.

Defendants moved for summary judgment on both theories, attaching the release and their business's certificate of incorporation as well as affidavits supporting their defenses. The release, while inartfully drafted, was prepared by plaintiffs. It clearly states that the sum paid to the mechanics is in satisfaction of storage fees and releases both the corporation and its owners and operators. Defendants correctly pointed out that no assertions of duress, fraud or inadequacy of the release were raised by plaintiffs in the pretrial order or indeed at any time.

In their response to defendants' motion, plaintiffs simply relied on their pleadings and provided no countervailing evidence with respect to the existence of the corporation. Their perfunctory brief never challenges or even mentions the defense of release and accord and satisfaction. The trial court granted the motion, and plaintiffs appeal.

Plaintiffs never addressed the issues of corporate identity or release on summary judgment, nor have they addressed them in their brief on appeal. They merely cite general law on summary judgment. In response to a properly supported motion for summary judgment which pierces the pleadings, plaintiffs may not stand upon their allegations, but must come forward with evidence to contravene defendants' proof or suffer judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491

(405 SE2d 474) (1991). Plaintiffs have utterly failed to refute or even address the merits of defendants' motion.

In response to defendants' motion for a frivolous appeal penalty in this court, plaintiffs raise *for the first time* the unsupported contention that the release was obtained under duress. This assertion comes far too late, and it simply highlights plaintiffs' failure or refusal to join issue on either of the defenses raised in defendants' answer. Moreover, plaintiffs still have not addressed the issue of corporate identity. Throughout this litigation, plaintiffs ignored the two controlling issues, though they were raised again and again by defendants. Plaintiffs' conduct has wasted the time and resources of defendants, the trial court, and this court. Whether this is due to carelessness, incompetence, or wilful blindness is impossible to say, but the attitude of plaintiffs and their counsel throughout this litigation should be both deplored and actively discouraged.

Accordingly, frivolous appeal penalties in the amount of $500 are assessed against plaintiffs and their counsel jointly pursuant to Court of Appeals Rule 26 (b).

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Blackburn and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent as I cannot agree that this Court should impose a penalty upon appellants and their attorney. In my view, it has not been established that this appeal is wholly frivolous.

DECIDED NOVEMBER 28, 1994.

*Alvin L. Kendall,* for appellants.
*Michael T. Camp,* for appellees.