**November 5, 2015**

# In the Court of Appeals of Georgia

A15A0931. WE CARE TRANSPORTATION, INC. et al. v.
BRANCH BANKING AND TRUST COMPANY et al.

McFADDEN, Judge.

On the eve of a foreclosure sale, borrower We Care Transportation, Inc. ("We Care") and guarantor Gregory Hadley ("Hadley") brought an action for various claims against lender Branch Bank and Trust Company ("BB&T") and its lawyers, Quirk & Quirk, LLC ("Quirk"). On appeal from the trial court's grant of summary judgment to BB&T and Quirk, We Care and Hadley filed an initial, untimely appellate brief containing only two arguments: that summary judgment was improper because discovery "would have shown" genuine issues of material fact (despite the fact that the discovery period had ended) and that "[a]ccepting the allegations of the complaint as true . . . the trial court could not say definitely that no set of facts establishing a

claim . . . could not be proven[.]" These arguments are frivolous. They provide no basis for reversing a grant of summary judgment.

Indeed those arguments reflect a recurring pattern of misconduct on the part of appellants' counsel, Grady Roberts: misuse of notice pleading. From this case and from other appeals filed with this court, it appears that Roberts has adopted a practice of deploying boilerplate claims and arguments with little or no effort to adjust them to the evidence or to the procedural posture of the case and little or no effort to investigate or support them. Efforts by opposing counsel to test or challenge them are met either with a bald assertion that the claim should be allowed to go forward on the basis of the possibility that – at some future time – supporting evidence or analysis might be forthcoming or with substitution of new and different unsubstantiated boilerplate claims and arguments. These tactics put an undue burden on the courts and on opposing counsel. And they offer no possible benefit to his clients, other than the illicit benefit of delay and harassment.

Accordingly, we affirm the trial court's judgment and, pursuant to Court of Appeals Rule 15 (b), impose as sanctions the maximum penalty available in this case, a $2,500 penalty, upon Roberts (but not upon his clients, We Care and Hadley).

1. *Facts and procedural history.*

Viewed in the light most favorable to We Care and Hadley, as nonmovants on summary judgment, see *Wilson v. Mountain Valley Community Bank*, 328 Ga. App. 650 (1) (759 SE2d 921) (2014), the evidence of record shows that We Care borrowed $350,000 from BB&T in October 2004 to purchase property. On behalf of We Care, Hadley (its owner and president) executed a promissory note and a security deed in favor of BB&T. The security deed gave BB&T power of sale of the property upon default. Hadley also executed a personal guaranty of the loan. We Care and BB&T later modified the terms of the loan, and Hadley executed a new promissory note and personal guaranty reflecting that modification.

By late 2012, We Care had defaulted on the loan, missing several loan payments and becoming delinquent on property taxes. On December 14, 2012, BB&T sent We Care a notice of default. In early 2013, Hadley discussed modifying the loan with BB&T, but they were not able to reach an agreement to modify it. On June 27, 2013, Quirk, on behalf of BB&T, sent We Care and Hadley a notice that BB&T was accelerating the loan as allowed under the terms of the promissory note, and on September 25, 2013, Quirk, on behalf of BB&T, sent We Care and Hadley another acceleration notice and a notice of foreclosure sale, along with a copy of the notice of sale under power to be advertised in the legal organ of the county where the

3

property was located. The notice stated that the foreclosure sale would occur on November 5, 2013.

On November 4, 2013, We Care and Hadley filed this lawsuit. When the trial court ordered them to describe certain of their claims with greater particularity, they amended their complaint to drop several causes of action and to add others. Under their amended complaint, they alleged three causes of action: wrongful foreclosure against BB&T and Quirk, breach of contract against BB&T, and interference with contractual relations against Quirk. They premised the claims on their allegation that BB&T and Quirk had acted to foreclose on the property without first providing proper notice of acceleration of the loan, asserting that business loan statements that BB&T sent to We Care in September and October 2013 had the effect of rescinding the prior acceleration notices.

The trial court ordered that the parties complete discovery and file any discovery motions by July 31, 2014. The record reflects that the only discovery served by We Care and Hadley upon BB&T and Quirk was a document request. The record is silent as to BB&T's and Quirk's response to the request; We Care and Hadley took no steps to compel a response. On August 22, 2014, after the close of discovery, BB&T and Quirk moved for summary judgment. We Care and Hadley, in

4

their response brief, addressed among other things, several causes of action that either were no longer part of the case or had never been part of the case. The trial court granted summary judgment to BB&T and Quirk.

On appeal, We Care and Hadley obtained an extension of time to file their appellate brief but did not meet this deadline, filing their appellate brief only after BB&T and Quirk moved to dismiss the appeal. Their brief did not comply with several of this court's rules; it did not contain any citations to the record and, in the "standard of review" section, it set forth the standard of review for the grant of a supersedeas bond. In asking us to dismiss the appeal, BB&T and Quirk argued that We Care and Hadley "appear to be using the legal system to remain in the premises for as long as possible rather than to pursue legitimate claims." We declined to dismiss the appeal but ordered BB&T and Quirk to file a supplemental brief that addressed whether sanctions should be imposed on either We Care and Hadley or their counsel, Roberts, and that pointed out record evidence supporting their contention that We Care and Hadley were misusing the legal system. After BB&T and Quirk filed their supplemental brief, We Care and Hadley filed a responsive supplemental brief that contained arguments in support of their appeal not raised in

5

their initial appellate brief and that provided some record citations but still made many factual assertions without citing the record.

2. *Summary judgment.*

To prevail on a motion for summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted). As defendants who do not bear the burden of proof, BB&T and Quirk "may do this by either presenting evidence negating an essential element of the plaintiff[s'] claims or establishing from the record an absence of evidence to support such claims." Id. (citation and punctuation omitted).

In support of their motion, BB&T and Quirk presented evidence that We Care had executed a security deed giving BB&T a secured interest in the property and power of sale should We Care default on its loan obligations; that We Care had in fact defaulted on the loan; and that, pursuant to the terms of the security deed and applicable statutes, BB&T had given We Care notice of default, then notice of acceleration of the loan, and finally notice of the foreclosure sale. See generally OCGA § 44-14-162.2 (setting forth statutory requirements for sales made on

6

foreclosure under power of sale). This evidence discharged their initial burden to show that they were entitled to summary judgment and shifted the burden to We Care and Hadley to "point to specific evidence giving rise to a triable issue." *Cowart*, 287 Ga. at 623 (1) (a) (citation and punctuation omitted).

In their initial appellate brief, however, We Care and Hadley did not argue that they had pointed to evidence giving rise to a triable issue, nor did they cite to any such evidence in the record. Instead, they made two arguments that were irrelevant to an appeal from a grant of summary judgment.

First, they argued that the trial court erred in granting summary judgment because "[t]here were several issues which required discovery to settle[,]" ignoring the fact that discovery had already closed in this case. If We Care and Hadley believed that discovery could reveal genuine issues of material fact, they had the obligation to conduct discovery and to move to compel discovery or otherwise resolve any discovery disputes during the period established by the trial court for that purpose. Their failure to do so is not a ground for reversing the trial court's grant of summary judgment. See *Corry v. Robinson*, 207 Ga. App. 167, 170 (3) (427 SE2d 507) (1993) (party "cannot fail to exercise his legal remedies to compel discovery and/or to file a proper motion to request additional time to complete discovery," then

7

claim that trial court erred in granting summary judgment despite incomplete discovery).

Second, We Care and Hadley argued that BB&T and Quirk had not disproved the allegations of their complaint which, if accepted as true, supported their claims. This argument would have been appropriate in opposition to a motion to dismiss for failure to state a claim. See generally *Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014) (describing standard of appellate review for motion to dismiss action for failure to state a claim). It has no bearing whatsoever at the summary judgment stage.

In reviewing the trial court's grant of summary judgment, we do not consider the arguments that We Care and Hadley raised for the first time in their supplemental brief on the issue of the propriety of sanctions, because they failed to raise these arguments in their initial appellate brief. See *Advanced Technology Svcs. v. KM Docs*, 330 Ga. App. 188, 189 n. 2 (767 SE2d 821) (2014) (declining to consider argument that appellant did not make in initial appellate brief and raised for first time in reply brief); *Vann v. Finley*, 313 Ga. App. 153, 154 n. 2 (721 SE2d 156) (2011) (same). (Nevertheless, we note that our review of the record – constrained as it is by counsel's failure to conduct discovery – does not reveal to us any meritorious claims.) Because

8

We Care and Hadley failed in their initial appellate brief to make any argument requiring the reversal of the trial court's grant of summary judgment to BB&T and Quirk, we affirm.

3. *Frivolous appeal sanctions.*

Further, we find, sua sponte, that this appeal is frivolous and, therefore, that sanctions against counsel for We Care and Hadley – Grady Roberts – are appropriate. See Ct. App. R. 15 (b) (permitting court, "with or without motion, [to] impose a penalty not to exceed $2,500.00 against any party and/or party's counsel in any civil case in which there is a direct appeal . . . which is determined to be frivolous"). We reach this conclusion for several reasons. Roberts failed to assert any argument in the initial appellate brief that conceivably could have supported the claim that the trial court erred in granting summary judgment. The arguments in the initial brief had no relevance to the procedural posture of the case and ignored basic, well-established Georgia law on the burdens of the parties on summary judgment. It is utterly frivolous to argue that a defendant is not entitled to summary judgment because the allegations of the plaintiff's complaint might have been supported by discovery that was not taken, that the plaintiff made no effort to take, and that the plaintiff no longer has any legal right to take. The initial appellate brief was deficient in other ways, as well. It

9

was untimely. It did not contain record citations. It set forth a standard of review for a type of ruling not at issue in the case. Only after the specter of sanctions was raised did Roberts make the effort in a supplemental brief to articulate some substantive, relevant arguments – but even in that brief he frequently failed to provide citations to the record.

Earlier filings and actions by We Care and Hadley in this case also suggest that Roberts's litigation efforts have been brought not to resolve justiciable issues, but for delay and harassment. The complaint initially accused BB&T and Quirk of fraudulent conduct; these claims appear to have been frivolous because, when required by the trial court to provide a more definite statement about them, Roberts instead dropped the claims from the amended complaint. Roberts conducted minimal discovery: he served only one request for production of documents and then failed to make any discernable use of the material produced. He has made no showing that the response to that request was in any way deficient: he did not move to compel or otherwise act to obtain responses. Roberts made several arguments before the trial court in opposition to summary judgment that simply had nothing to do with the causes of action currently in the case.

This misconduct is part of a pattern. From a review of appeals filed by Roberts in this court we observe that he has repeatedly engaged in similar misconduct in his representation of other clients. In those cases Roberts repeatedly asserts the same meritless arguments and commits the same procedural defaults. So far this year Roberts has filed with this court more than sixty-five cases, nearly one-third of which were ultimately dismissed. Most of the applications for discretionary appeal that Roberts filed this year we either dismissed as untimely or transferred to state or superior court. See *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991) ("The only avenue of appeal available from the magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court."). In the dismissal or transfer orders, this court repeatedly explained to Roberts the problems with the applications, yet he has continued to file similarly flawed applications.

And Roberts has repeatedly filed briefs and motions that, as here, make arguments unrelated to the issues on appeal. For example, in a recent appeal we affirmed in an unpublished opinion the trial court's dismissal of a wrongful foreclosure action for failure to appear and prosecute, noting that the appellants – represented by Roberts – had not even argued that the trial court erred in dismissing

11

on those grounds but instead had argued that the trial court erred in dismissing the complaint for failure to state a claim (something the trial court did not do). See *Reaves v. Residential Credit Solutions*, __ Ga. App. __ (Case No. A14A2211, decided March 6, 2015).

We are particularly disturbed that many of the actions brought by Roberts appear to include frivolous claims of misconduct against attorneys representing clients in legitimate foreclosures. This case initially included claims of fraud against Quirk, but Roberts dropped that claim when called upon to substantiate it. We have recognized that allegations of misconduct against opposing counsel are sometime appropriate, but we have warned that they should not be made lightly or carelessly. As to such allegations we have written, in the appellate context:

> Notwithstanding [Court of Appeals] Rule 10, [which forbids remarks that are "discourteous or disparaging to any judge, opposing counsel, or any court,"] we recognize that cases arise where counsel must show that the issue is not merely error but misconduct. In such cases counsel should take particular care to summarize and cite the record accurately and to use a tone that is respectful and appropriate to the seriousness of the issues.

*Murphy v. Murphy*, 328 Ga. App. 767, 774 (4) (759 SE2d 909) (2014). As in *Murphy*, "[s]uch care and respect are wholly absent from [Roberts's] brief[s]" in this case. Id.

12

For these reasons, we share the concern expressed by BB&T and Quirk that Roberts is misusing the legal system in this case to prolong foreclosure proceedings, just as he appears to be misusing the legal system in pursuing other appeals. It may be that We Care and Hadley's case has some merit, just as it may be that other appeals filed by Roberts on behalf of other clients have some merit. But in this case Roberts has failed to convey any such merit within the framework established by Georgia's laws and this court's rules.

Because we find this appeal to be frivolous, under Court of Appeals Rule 15 Roberts (but not We Care and Hadley themselves) shall pay a penalty of $2,500. This penalty shall constitute a money judgment of $1,250 in favor of BB&T and $1,250 in favor of Quirk against Roberts, and the trial court is directed to enter judgments in such amounts upon the return of the remittitur in this case. Ct. App. R. 15 (c); *Wieland v. Wieland*, 216 Ga. App. 417, 418 (3) (454 SE2d 613) (1995).

We note that Roberts currently has 17 cases pending in this court. He would be well advised to diligently and expeditiously examine them to determine whether they are similarly frivolous.

*Judgment affirmed with direction. Doyle, C. J.; Andrews, P. J., Barnes, P. J., Ellington, P. J., Phipps, P. J.; and Miller, Dillard, Boggs, Ray, Branch and McMillian, JJ., concur.*