**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 28, 2016**

# In the Court of Appeals of Georgia

A16A0062. ESSIEN v. CITIMORTGAGE, INC. et al.

ELLINGTON, Presiding Judge.

Days before a scheduled foreclosure sale, Ronke Essien filed this action against CitiMortgage, Inc. and the law firm of Pendergast & Associates, P.C. in the Superior Court of Fulton County, asserting claims for wrongful foreclosure, breach of contract, trespass, violations of the Georgia RICO Act, and "surprise," seeking damages, punitive damages and attorney fees. CitiMortgage and Pendergast filed motions for summary judgment. Essien failed to respond to the motions. The trial court granted the motions as to all claims for relief. Essien appeals, contending that a genuine issue of material fact exists regarding whether CitiMortgage breached the subject security deed's pre-acceleration notice requirements and that, therefore, the trial court erred in granting the motions for summary judgment as to Essien's wrongful foreclosure

claim under OCGA § 23-2-114.[1] Essien's appellate brief does not address the other claims asserted in her complaint.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c). "In response to a properly supported motion for summary judgment which pierces the pleadings, plaintiffs may not stand upon their allegations, but must come forward with evidence to contravene defendants' proof or suffer judgment." (Citation omitted.) *Bowden v. Pryor*, 215 Ga. App. 351 (450 SE2d 845) (1994). See also *Wade v. Howard*, 232 Ga. App. 55, 59 (499 SE2d 652) (1998) (accord).

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant [or denial] of a motion for summary judgment, we must view the

---

[1] "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." OCGA § 23-2-114. See *Wells Fargo Bank, N.A. v. Molina-Salas*, 332 Ga. App. 641, 642 (1) (774 SE2d 712) (2015) ("The legal duty imposed upon a foreclosing party under a power of sale is to exercise that power fairly and in good faith.") (footnote omitted).

evidence, and all reasonable inferences drawn therefrom, in the light

most favorable to the nonmovant.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a)

(697 SE2d 779) (2010).

We note initially that CitiMortgage and Pendergast identified evidence that the

foreclosure sale, which had been scheduled for the first Tuesday in September 2014,

did not take place then or at a later date. This evidence is undisputed. Any claim for

wrongful foreclosure, therefore, was patently premature.[2]

---

[2] See *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Community Trust*, - Ga. - (4) (b) (Case No. S15A1021 et al., decided November 23, 2015) (2015 WL 7424846) (The elements of a viable claim for wrongful foreclosure are a legal duty owed to the plaintiff by the foreclosing party, a breach of that duty, such as in the manner in which the foreclosing party conducted the sale, a causal connection between the breach of that duty and the injury it sustained, and damages.); see also *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (2) (443 SE2d 837) (1994) (Where the plaintiff-owner asserted wrongful foreclosure claim after the mortgage holder sold the property at public auction, seeking damages in the amount the sale price exceeded the debt, plus interest, the trial court did not err in denying the plaintiff's motion for a directed verdict on her tort claim for wrongful foreclosure; although the bank's failure to provide statutorily-required notice of default constituted a breach of the duty to fairly exercise the power of sale created by OCGA § 23-2-114, the plaintiff "still needed to show a causal connection between the lack of notice and the alleged injury.") (citation omitted); *Brown v. Freedman*, 222 Ga. App. 213, 214 (1) (474 SE2d 73) (1996) (A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when a creditor forecloses on property without the legal right to do so, in violation of the terms of the security deed.); Frank S. Alexander et al., Ga. Real Estate Finance and Foreclosure Law, § 8:11 (updated

Even if we deem Essien's complaint to have asserted a cognizable claim for wrongful *attempted* foreclosure,[3] she fails to show that the trial court erred in granting the motions for summary judgment. In arguing on appeal that the trial court erred in granting summary judgment to CitiMortgage and Pendergast, Essien avers only that they failed to identify any evidence in the record that they provided pre-acceleration notice as required in the subject security deed before accelerating the loan and exercising the power of sale. This statement, however, is belied by the record. In support of its motion for summary judgment, Pendergast submitted the affidavit of one of its employees, who served as CitiMortgage's foreclosure attorney. The attorney deposed that such a notice was sent to Essien on March 8, 2011, and

October 2015).

[3] See *Aetna Finance Co. v. Culpepper*, 171 Ga. App. 315, 319 (1) (320 SE2d 228) (1984); *Mayo v. Bank of Carroll County*, 157 Ga. App. 148 (1) (276 SE2d 660) (1981); *Sale City Peanut & Milling Co. v. Planters & Citizens Bank*, 107 Ga. App. 463, 464-465 (130 SE2d 518) (1963); see also *In re Pullen*, 451 B.R. 206, 212 (Bankr. N.D. Ga. 2011) (Where a debtor alleged that an attorney had written letters threatening immediate foreclosure, despite fact that lender whom he represented, before accelerating indebtedness, had not complied with notice provisions of deed to secure debt, the complaint stated a claim for attempted wrongful foreclosure in violation of Georgia law, which could support an award of damages for emotional distress, as well as violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f (6) (A).); Frank S. Alexander et al., Ga. Real Estate Finance and Foreclosure Law, § 8:11 (updated October 2015).

supported her sworn statements with related business records. The notice advised Essien of her opportunity to cure the default and avoid acceleration of the debt by paying a specified amount then due by April 7, 2011. CitiMortgage also submitted an affidavit regarding the initiation of foreclosure proceedings through foreclosure counsel. Essien entirely failed to respond to the motions for summary judgment, and, consequently, the defendants' evidence regarding the giving of pre-acceleration notice of default is undisputed.[4] See *Bowden v. Pryor*, 215 Ga. App. at 351-352. Because Essien failed to come forward with evidence to contravene the defendants' proof, she has now, properly, "suffer[ed] judgment." Id. She has shown no error.

On appeal, Essien continues to stand on her unsupported pleadings. As detailed above, this case presents these circumstances: the plaintiff's claim for relief, as framed by plaintiff's counsel, required proof that the defendants failed to provide certain notice before initiating foreclosure proceedings; in moving for summary judgment, the defendants submitted evidence that the required notice was provided; the plaintiff failed to contravene such evidence with any contrary evidence and failed

---

[4] Essien's complaint was not verified. *Whimsical Expressions, Inc. v. Brown*, 275 Ga. App. 420, 422 (2) (620 SE2d 635) (2005) (An unverified complaint is not evidence.); cf. *BEA Systems, Inc. v. WebMethods, Inc.*, 265 Ga. App. 503, 504 (595 SE2d 87) (2004) (A verified complaint serves as evidence, as well as a pleading.).

even to submit a legal argument challenging the defendants' evidence on any grounds. Under such circumstances, it is frivolous to argue on appeal that the trial court erred in granting summary judgment to the defendants. *Wade v. Howard*, 232 Ga. App. at 59-60; *Bowden v. Pryor*, 215 Ga. App. at 351-352.

In *We Care Transp., Inc. v. Branch Banking & Trust Co.*, - Ga. App. - (Case No. A15A0931, decided November 5, 2015) (2015 WL 6742870), we imposed sanctions against Essien's counsel, Grady Roberts III, for prosecuting a frivolous appeal. See Court of Appeals Rule 15 (b) (permitting court, "with or without motion, [to] impose a penalty not to exceed $2,500.00 against any party and/or party's counsel in any civil case in which there is a direct appeal . . . which is determined to be frivolous"). As in *We Care Transp.*, in this case Roberts failed to assert any argument on behalf of his client in the appellate brief that conceivably could have supported the claim that the trial court erred in granting summary judgment to the movants. As in that case, in this case the arguments in the untimely-filed appellate brief "ignored basic, well-established Georgia law on the burdens of the parties on summary judgment." Id. at - (3). When we imposed sanctions upon Roberts for bringing a frivolous appeal in *We Care Transp.*, we advised him to "diligently and expeditiously examine" his other pending appeals, which included this one, to determine whether

6

any are frivolous. Id. Roberts opted instead to forge ahead with another frivolous appeal. We find, therefore, that a penalty is, again, appropriate under Court of Appeals Rule 15 (c) and we impose such a penalty against him (but not against his client, Essien) in the amount of $2,500. Id.; see also *Wade v. Howard*, 232 Ga. App. at 60-61; *Bowden v. Pryor*, 215 Ga. App. at 351-352. This penalty shall constitute a money judgment of $1,250 in favor of CitiMortgage and $1,250 in favor of Pendergast against Roberts, and the trial court is directed to enter judgments in such amounts upon the return of the remittitur in this case. See *We Care Transp., Inc. v. Branch Banking & Trust Co.*, - Ga. App. at - (3).

*Judgment affirmed. Branch and Mercier, JJ., concur*.